[S. F. No. 8522. In Bank.—December 19, 1919.]

MONTEZUMA IMPROVEMENT COMPANY (a Corporation), Appellant, v. JOHN SIMMERLY et al., Respondents.

[1] ANIMALS—COMMON-LAW RULE AS TO TRESPASS—COUNTIES WHEREIN APPLICABLE.—The common-law rule requiring the owner of animals to keep them from his neighbor's lands, fenced or unfenced, applies in those counties which have been excepted from the operation of the so-called "Fence Law" of 1850, (Stats. 1850, p. 131), the "Estray Act" of 1851, (Stats. 1851, p. 299), and the successors of those statutes, notwithstanding the new "Trespassing Act" of 1907, (Stats. 1907, p. 999), which declares it unlawful for any person in possession of any animal to permit it to enter upon the lands of another "in all cases where such land is planted to growing crops," etc., and "is at the time entirely inclosed by a substantial fence or other inclosure."

[2] ID.—ESTRAY ACT OF 1915—EFFECT OF—REPEAL OF ALL FENCE LAWS EXCEPT IN SIX COUNTIES.—The Estray Act of 1915, (Stats. 1915, p. 636), by the very force of its terms repeals all "fence laws" in the counties of this state, except in the counties of Trinity, Shasta, Del Norte, Siskiyou, Lassen and Modoc.

[3] ID.—INJUNCTION AGAINST TRESPASSING CATTLE—PLEADING—SUFFICIENCY OF COMPLAINT.—In this action for damages for trespass by cattle upon unfenced lands in Mendocino County, it is held the complaint states a cause of action for injunctive relief.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles Kasch and J. E. Pemberton for Appellant.

Robert Duncan and W. S. Van Dyke, Jr., for Respondents.

C. M. Mannon, W. D. L. Held, H. L. Preston, and Ben C. Jones, *Amici Curiae.*

MELVIN, J.—Plaintiff and appellant owned unfenced lands in Mendocino County. Plaintiff sought by this suit to obtain damages for trespass upon his land of animals owned by defendants, and also prayed for an injunction to

prevent further incursions of defendants' cattle. A general demurrer to the complaint was sustained and the plaintiff appeals from the judgment which followed.

Two questions are presented. The first is whether or not the common-law rule requiring the owner of cattle to keep his animals from his neighbors' lands, fenced or unfenced, is in operation in Mendocino County. The other relates to the sufficiency of the complaint to state a proper case for injunctive relief.

[1] It is now settled law in California that the common-law rule applies in those counties which have been excepted from the operation of the so-called "Fence Law" of 1850 (Stats. 1850, p. 131), the "Estray Act" of 1851 (Stats. 1851, p. 299), and the successors of those statutes, notwithstanding the new "Trespassing Act" of 1907 (Stats. 1907, p. 999), which declares it unlawful for any person in possession of any animal to permit it to enter upon the lands of another "in all cases where such land is planted to growing crops," etc., and "is at the time entirely enclosed by a substantial fence or other enclosure." Actions similar to the one at bar commenced in the counties of Colusa and Los Angeles have been sanctioned by the district court of appeal and this court has approved the judgments. (*Blevins* v. *Mullally,* 22 Cal. App. 519, [135 Pac. 307]; *Hicks* v. *Butterworth,* 30 Cal. App. 562, [159 Pac. 224].) The case of *Hahn* v. *Garratt,* 69 Cal. 146, [10 Pac. 329], applied the common-law rule to Santa Clara County because of a special act concerning estrays found running at large upon lands in that county, whether said land was fenced or unfenced.

It is true that by a *dictum* in *Blevins* v. *Mullally, supra,* the learned court declared that its members were "not impressed with the suggestion" that the estray law of 1901, (Stats. 1901, p. 603), or the amendment of 1909 (Stats. 1909, p. 1079) had the effect of reviving the common-law rule as to trespassing animals in California. But this language was not necessary to the decision, as the conclusion reached by the court rested upon the Statute of 1877–78 (Stats. 1877–78, p. 176), as interpreted in the light of earlier decisions. Moreover, the language just quoted does not apply to the act of 1915, for reasons which we shall discuss.

Appellant insists that under these authorities the Estray Act of 1915 gave to every county in the state the common-law rule, except the six counties expressly named. That act (Stats. 1915, p. 636) was, in terms, an amendment to the act of 1901 relating to estrays. It gave to the owner, or to the person entitled to possession of land, the right to take up estray domestic animals found upon his premises and to have a lien upon such animals for the expenses incurred in keeping them; *provided, however,* that in six counties, namely, Trinity, Shasta, Del Norte, Siskiyou, Lassen and Modoc, this right was extended only to the possessors of premises "entirely enclosed with a good and substantial fence." Two methods of giving notice of the taking up of such animals are provided in the statute. One is by filing a prescribed written statement with the recorder or poundkeeper, and, in certain cases, by publishing said statement in a newspaper. The other, which applies only to cases in which the finder knows the owner or person having charge of the animal or animals, requires the statement to be served upon the owner or custodian. In this particular the act differs essentially from the act of 1901 and its predecessors, which either applied only to "estrays," properly speaking (that is, animals without known owners), or to estrays and trespassing animals with known owners, treating all alike and providing for no special notice to known owners. By the tenth section of the statute it is provided that:

"Nothing herein contained shall be held, deemed or construed to repeal an act, entitled 'An act concerning lawful fences, and animals trespassing upon premises lawfully enclosed,' passed March 30, 1850, nor to repeal an act, entitled 'An act concerning lawful fences in the counties of San Bernardino, Colusa, Shasta, Tehama and Placer,' approved April 18, 1859, in so far as the provisions of said acts, and each thereof, apply to or affect the counties of Trinity, Shasta, Del Norte, Siskiyou, Modoc and Lassen, but as to said counties, and each thereof, said acts are hereby expressly continued in force, it being hereby determined that the present conditions prevailing in said counties last named are such as to justify and demand the continued application of said statutes to said counties."

Appellant's argument is as follows: *Hahn* v. *Garratt, supra,* construed a statute that merely gave to the owner of unfenced land the same remedy against trespassing animals of known ownership that had theretofore been given only against estrays of unknown ownership. The court construed this as abolishing the fence law and establishing the common-law rule in Santa Clara County. That case, and its construction of the law, has been followed in the two other cases cited *supra.* Those authorities represent the settled law upon the subject in which the legislature has long acquiesced, and the Statute of 1915, to which we have referred, was passed in view of such legislative sanction. (*Estate of Carraghar, ante,* p. 15, [183 Pac. 161].) And say counsel:

"In the instant case we have much more than the mere silent acquiescence by the legislative department. In the so-called estray law of 1915, just as in the statute construed in *Hahn* v. *Garratt, supra,* without express repeal of fence laws, or express approval of the common-law rule, the identical remedy formerly given the owner of unfenced lands only against estrays of unknown ownership, was given against trespassing animals of known ownership; but showing conclusively, demonstrating absolutely, that the legislature knew and assented to the rule laid down in *Hahn* v. *Garratt, supra,* it took the pains to expressly retain the fence laws, and give the remedy only to owners of fenced lands in six certain counties where it found conditions to justify the distinction. Now it is of no interest to us whether or not the legislature made a mistake in referring to the wrong statute as a fence law which it desired to remain applicable to those six counties. We are only interested in knowing what it did in the rest of the state, and the exception clauses in the statute showed what it was trying to do therein, and show that it was expecting and intending that the court should apply the rule of *Hahn* v. *Garratt, supra,* to the statute,—so far as all the counties of the state were concerned, other than the excepted six."

Respondents insist that there never has been any common-law rule in this state with reference to trespassing animals because the "Lawful Fence Act" of March 30, 1850 (Stats. 1850–53, p. 793), preceded the adoption of the common law as the rule of decision in California unless inconsistent with

statutes.  (Stats. 1850–53, p. 186.)  This contention is answered by the cases cited above adversely to the contention of respondents.

Our attention is called by counsel for respondents to the fact that the Statute of 1901 and the amending Statute of 1915 both fail to prescribe any *damages* which may be collected for injury done by animals, but merely provide for a certain scale of payment to the taker of trespassing animals.  On the contrary we are told that such acts as that of March 23, 1907 (Stats. 1907, p. 999), providing for the recovery of damages where animals break into inclosures planted to growing crops are of an entirely different class.  But granting this classification to be sound we do not see how it prevents one victim of this sort of trespass from seeking to enjoin recurrences thereof while extending that remedy to the other.

Appellant also calls attention to the fact that the act of 1850, specified in the tenth section of the act of 1915, as quoted above in this opinion, was repealed by the act of April 27, 1855, which defined lawful fences in greater detail than the earlier statute (Stats. 1855, p. 154), and that on March 31, 1855, an act was passed substantially identical with the act of March 30, 1850, providing for the recovery of damages for trespassing animals only when the lands were inclosed by a lawful fence (Stats. 1855, p. 70).  It is argued that this statute never having been in terms repealed or kept in effect only in certain counties is still in existence and inhibits the application of the common-law rule to Mendocino County.  Indeed, say counsel, the act of 1915 contains no repealing language whatever.  [2]  In answer to both of these arguments we are constrained to hold that the Statute of 1915 which we have been considering does, by the very force of its terms, in view of the cited authorities, repeal all "fence laws" in the counties of this state, including Mendocino County, except in the six counties specified.

[3]  The complaint states a proper case for injunction.  According to the averments plaintiff is raising stock on a large tract of land.  Defendants, who are occupying, also, a large neighboring ranch, are raising large numbers of cattle and hogs.  There are elaborate allegations not only

with reference to the repeated trespasses of the stock of defendants, but plaintiff avers, among other things:

"That plaintiff has repeatedly driven the stock of defendants from its said real property, and has repeatedly requested of defendants that they properly care for their stock and keep the same from trespassing upon the lands of plaintiff, but all to no avail, and defendants, despite the remonstrances of plaintiff and despite the fact that plaintiff has repeatedly driven said stock from its aforesaid land, continue to allow and cause, and threaten to continue to allow and cause, said cattle and stock and hogs to enter upon said premises described herein, and thereby tramp, tear up, and injure the soil, and destroy the feed growing and grown upon said premises, and injure the same for the growing grasses in the future; that the repeated trespasses of the cattle and hogs of said defendants, if permitted to continue, will compel plaintiff to bring numerous suits against the said defendants for damages, and will compel plaintiff to repeatedly take up said cattle under the Estray Act, all of which remedy is wholly inadequate, and will not cause said defendants to desist from said acts described herein." Taken all together the averments are sufficient.

No other matters contained in the briefs require further analysis.

The judgment is reversed and the cause remanded to the superior court with directions to proceed in accordance with the conclusion herein expressed.

Shaw, J., Lennon, J., Angellotti, C. J., Olney, J., Wilbur, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.