[Civ. No. 4042.  First Appellate District, Division Two.—November 14, 1921.]

## EARL HUFFMAN, Respondent, v. FRED F. COULTER et al., Appellants.

[1] ANIMALS—TRESPASSING CATTLE—COMMON-LAW RULE—SAN BERNARDINO COUNTY.—The common-law rule requiring the owner of cattle to keep his animals from his neighbors' lands, fenced or unfenced, is in operation in San Bernardino County, since the Estray Act of 1915 (Stats. 1915, p. 636), by the very force of its terms, repeals all "fence laws" in the counties of this state, except in the six counties specified therein, of which San Bernardino County is not one.

[2] ID.—INJUNCTION—PLEADING—SUFFICIENCY OF COMPLAINT.—In this action to enjoin the trespassing of cattle, the complaint states a proper case for injunctive relief.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Swing & Wilson for Appellants.

Glenn M. Ely for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from an order granting a temporary injunction preventing defendants from allowing cattle owned or controlled by them to trespass upon the adjoining land of the plaintiff.

Plaintiff and defendant Coulter are the owners of adjoining unfenced lands. The other defendants are employees of the defendant Coulter and in charge of his cattle.

[1] Two questions are presented: The first is whether or not the common-law rule requiring the owner of cattle to keep his animals from his neighbors' lands, fenced or unfenced, is in operation in San Bernardino County, California; the other relates to the sufficiency of the complaint to state a proper case for injunctive relief.

The first question is carefully and fully answered by the late case of *Montezuma Improvement Co.* v. *Simmerly*, 181 Cal. 722 [189 Pac. 100], wherein it is held that the Estray

Act of 1915 (Stats. 1915, p. 636), by the very force of its terms, repeals all "fence laws" in the counties of this state, except in the six counties specified therein, of which San Bernardino is not one; that it is settled law in California that the common-law rule applies in those counties of the state which have been excepted from the operation of the so-called "fence law" of 1850 (Stats. 1850, p. 131), the "Estray Act" of 1851 (Stats. 1851, p. 299), and the successors of those statutes.

A detailed discussion of this question by us, therefore, would be an idle proceeding, the matter being authoritatively settled in this state by a very recent decision of our supreme court.

[2] We are also of the opinion that the complaint states a proper case for an injunction. The complaint alleges that the defendants are the owners or custodians of cattle; that at divers and various times said cattle have trespassed upon the land of plaintiff and have eaten up, injured and destroyed the grain, hay, and verdure growing thereon; that plaintiff has repeatedly driven the cattle of defendants from his said property, and has repeatedly requested defendants to properly care for said cattle and keep the same from trespassing upon plaintiff's land, but all to no avail; that defendants, despite the fact that plaintiff has repeatedly driven said cattle from his land, continue to allow and cause, and threaten to continue to allow and cause, said cattle to enter upon said premises of plaintiff and tramp, tear up, and injure the soil, and destroy the grain and feed grown and growing thereon, and injure the same for the growing of grasses, grain, and other crops in the future; that the repeated trespasses of the cattle of said defendants, if permitted to continue, will compel plaintiff to bring numerous suits against the defendants, and each of them, for damages, and will compel the plaintiff to take up said cattle, repeatedly, under the Estray Act, which remedies are wholly inadequate, and will not cause said defendants to desist from said acts; that said acts of defendants, if permitted to continue, will cause plaintiff irreparable loss in that said land will thereby be made unfit for farming purposes and said acts of defendants will prevent plaintiff from putting in a crop for this year unless defendants are immediately restrained and enjoined from committing and permitting

said trespasses, on account of the short planting season in the vicinity of said land which is rapidly coming to a close, and that plaintiff being so prevented from planting his said land will be forced to move to another locality wherein he can procure food for his stock and be able to make his living, for all of which wrongs plaintiff has no plain, speedy, and adequate remedy at law.

It appears from the foregoing that the complaint in the instant case contained substantially the allegations of the complaint in the case of *Montezuma Improvement Co.* v. *Simmerly, supra,* which complaint was held sufficient to warrant the granting of injunctive relief.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1922.

All the Justices concurred.