[Civ. No. 4323. First Appellate District, Division Two.—December 19, 1922.]

## THE PAVILION ICE RINK (a Corporation), Appellant, v. DANIEL J. O'BRIEN et al., Respondents.

[1] INJUNCTIONS—CONDUCT OF PUBLIC DANCE-HALL—INJUNCTION TO RESTRAIN INTERFERENCE.—In this action to obtain an injunction restraining the defendants from trespassing upon plaintiff's premises and from interfering with plaintiff's business of conducting a public dance-hall, the complaint having stated facts sufficient to entitle plaintiff to the issuance of a permit to conduct such business (as held in a separate *mandamus* action), it was also sufficient to entitle plaintiff to an injunction restraining the defendants from interfering with plaintiff's business until that right was legally revoked.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. F. J. Murasky, Judge. Reversed.

The facts are stated in the opinion of the court.

H. I. Stafford, Edward A. Cunha and John T. Williams for Appellant.

Matthew Brady, District Attorney, Joseph T. O'Connor, Deputy District Attorney, and George Lull, City Attorney, for Respondents.

NOURSE, J.—Plaintiff commenced this action to obtain an injunction restraining the defendants, who are the police commissioners, the chief of police, and officers of the police department of San Francisco, from trespassing upon plaintiff's premises and from interfering with plaintiff's business of conducting a public dance-hall in said city. It is alleged in the amended complaint that ever since April 21, 1918, plaintiff had been engaged in the business of conducting a public dance-hall on the premises under a quarterly permit duly issued therefor by the board of police commissioners commencing on said date and continuing until January 1,

1921; that on the latter date the said board refused to issue a permit to plaintiff, and that said action was arbitrary, capricious, and without good cause. It is the theory of the amended complaint that these permits, though issued quarterly, were in effect merely renewals of the original permit of April 21, 1918, upon the faith of which large investments had been made by the plaintiff and a profitable business had been established. The action was commenced at the same time as that of *Pavilion Ice Rink* v. *Bryant et al.,* 58 Cal. App. 584 [209 Pac. 76], which was decided by this court on July 20, 1922. The latter action was one in mandate to compel the tax collector and the board of police commissioners of San Francisco to issue the permit required for the period commencing January 1, 1921. In that action the trial court sustained a demurrer to plaintiff's complaint without leave to amend, and the judgment following upon that order was reversed by this court on the ground that the complaint alleged facts showing that the action of the police commissioners was arbitrary and capricious and that a lawful business properly conducted and not injurious to property, persons, or public welfare was thereby confiscated. In this action for an injunction the trial court also sustained the defendants' demurrer, and the appeal is from the judgment which followed for the defendants.

On this appeal the appellant urges the same grounds for reversal as were urged in the *mandamus* action. The amended complaint is practically identical with the complaint which was considered in the former case. Though it may be conceded that a permit is necessary to conduct the business of a public dance-hall, it is argued that the issuance of these permits for quarterly periods was merely a renewal of the original permit issued on April 21, 1918, and that the refusal to issue a permit on January 1, 1921, was in effect a revocation of appellant's right to do business. It is then said that such revocation was had arbitrarily and capriciously and without just cause as required by the San Francisco charter. [1] If, as held in the *mandamus* case, the complaint stated facts sufficient to entitle the appellant to the issuance of a permit for the period commencing January 1, 1921, it follows that the amended complaint in this action is sufficient to entitle the appellant to an injunction restrain-

ing these respondents from interfering with appellant's business until that right is legally revoked.

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.