[Civ. No. 9615. First Appellate District, Division Two.—January 29, 1935.]

CALIFORNIA GRAPE CONTROL BOARD, LTD. (a Corporation), Respondent, v. CALIFORNIA PRODUCE CORPORATION, LTD. (a Corporation), et al., Appellants.

Frank P. Webster for Appellants.

Agnew & Boekel and John D. Gallaher for Respondent.

NOURSE, P. J.—The plaintiff, which is a cooperative marketing association, held contracts with the defendant Singh and many other growers of grapes in the state of California whereby said growers agreed to deliver to the plaintiff's agents all grapes produced by them during specified periods and to pay a stabilization fee of $1.50 per ton, each contract and the agreed stabilization fee therein mentioned being pledged to the government of the United States to secure loans made for the purpose of marketing such products. The defendant California Produce Corporation was an independent concern which was engaged in the marketing of grapes in competition with the plaintiff. The complaint alleged and the trial court found that the defendant California Produce Corporation and its agents, knowing the existence of the contracts with the plaintiff, were soliciting grower signatories to breach their contracts and to deliver the grapes grown by them to the defendants. It was further alleged that these defendants threatened to continue to induce the signatories to breach their contracts and that some had delivered quantities of grapes to the defendants contrary to the terms of their contracts and that the injury to the plaintiff arising from such acts would be great and irreparable and could not be compensated for in damages.

The trial court granted a temporary restraining order which, after a full hearing, was made permanent. Findings of fact covering every issue raised in the complaint preceded the judgment. The appeal from the judgment is presented on the judgment roll alone and hence we are confined to the inquiry whether the judgment is against law.

Appellant states the single question involved on the appeal as follows: "Can an injunction be granted contrary to Section 3423 of the Civil Code in favor of a cooperative marketing corporation, and against a third party to prevent the breach of a contract with a non-member, or non-stockholder, of such an association or corporation?" This is not an accurate statement of the real question involved. In so far

as the defendant Singh is concerned the action may have been one to prevent the breach of a contract within the terms of section 3423. But the defendant Singh did not appear at the trial and has not appealed from the judgment. In so far as the appellants are concerned, the single question involved in their appeal is whether one of the contracting parties may enjoin a stranger to the contract from unlawfully interfering with his business or his rights under the contract if the remedy at law is not adequate and complete. This presents a situation wholly foreign to that arising in an action brought by one of the contracting parties against another party to the contract "to prevent the breach of a contract" which is covered in section 3423 of the Civil Code. Here the respondent bases its action on the simple principle that its right to carry on its business without obstruction under the contract pleaded is a property right with which the appellants threaten to illegally interfere. In its demand for injunctive relief the respondent pleaded, and the trial court found, that the acts complained of would result in irreparable damage for which the respondent had no adequate remedy at law.

Under such circumstances the great weight of authority compels an affirmance of the judgment; the rule applicable being well stated in *Beekman* v. *Marsters,* 195 Mass. 205 [80 N. E. 817, 821, 122 Am. St. Rep. 232, 11 Ann. Cas. 332, 11 L. R. A. (N. S.) 201], as follows: "Where the plaintiff proves that the defendant unlawfully interferes or threatens to interfere with his business or his rights under a contract, and further makes out in proof that damages will not afford an adequate remedy, equity will issue on injunction." See, also, 32 Cor. Jur., p. 155 and p. 228; 14 R. C. L., p. 390; 15 R. C. L., p. 64; *Alcazar Am. Co.* v. *Mudd & Colley Am. Co.,* 204 Ala. 509 [86 So. 209]; *Northern Wis. C. T. P.* v. *Bekkedal,* 182 Wis. 571 [197 N. W. 936]; *Fort* v. *Co-op. Farmers' Exchange,* 81 Colo. 431 [256 Pac. 319]; *Phez Co.* v. *Salem Fruit Union,* 103 Or. 514 [201 Pac. 222, 205 Pac. 970, 25 A. L. R. 1090].

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.