### GURTOV et al. v. WILLIAMS et al.

### No. 10613.

Court of Civil Appeals of Texas. Galveston.

April 15, 1937.

Rehearing Denied May 13, 1937.

Harry W. Freeman and Mandell & Combs, all of Houston, for appellants.

R. R. Lewis, William M. Holland, George D. Neal, and Walter E. Boyd, all of Houston, for appellees.

CODY, Justice.

The appellants filed their petition in the court below February 27, 1937, on behalf of themselves and the members of their respective trades-unions, complaining of appellees, Chester A. Williams, chief of police of the city of Houston, and Claude Beverly, the officer in charge of the police substation at the foot of 75th street in Houston. The petition alleged in substance that appellees, with the expressed purpose of breaking up the union organization of plaintiffs and force the members of their unions to leave Houston, had caused the arrest of more than 150 of such members without warrants, taken them to the city jail, and there charged them with the offense of vagrancy, knowing them not to be guilty of such offense, and that, unless restrained by the court, such police officers would continue such unlawful course of action. The members of the unions, it was alleged, had been guilty of no violence, and of no violation of law, and the threatened action by the police officers was an unlawful interference with the right of plaintiffs, guaranteed them under the Constitutions, State and Federal, to peaceably assemble together for their common good; further, that the police officers, at numerous times, had invaded the hall of said unions, and arrested many members while they were holding business meetings, and threatened to injure them bodily if they did not leave Houston, which was complained of as a violation of such members' constitutional right to assemble for their common good, and deprived them of their liberty, property, and privileges without due process of law; and violated the statutes guaranteeing members of trades-unions the right to organize into associations for their own good; further, that all the members who had been arrested had been found not guilty. Also that their attorneys had requested the chief of police to cease such unlawful course, but he informed such attorneys he would continue his unlawful course unless prevented by a court order; that the members of the unions have associated themselves together in an organization designated Maritime Federation of the Gulf, whose purpose is to better their economic condition; that the wholesale arrests complained of had been made for the avowed purpose of intimidating the members of the unions and of the Federation, and of preventing them from perfecting their organization and continuing the functions thereof, and which will cause the members serious property loss. It was alleged that the members had no adequate remedy at law, and an injunction was prayed to issue to restrain the police officers from arresting, violating, harrassing, and interfering with the members of the unions and Maritime Federation in their peaceful union activities and personal activities as citizens.

The court sustained a general demurrer to the petition and, plaintiffs refusing to

amend, the court ordered the case dismissed. Plaintiffs appeal.

The demurrer was sustained on the theory that a court of equity is without jurisdiction by injunction to stay prosecutions of criminal proceedings; and, as appellants were asking in their petition that law enforcement officers be restrained from arresting them and the other members of the unions, and from charging them with the offense of vagrancy, that the injunctive relief asked for was beyond the power of the court to grant. Therefore, as the sole relief prayed for was an injunction against such law officers, he ruled the general demurrer good.

■ It is true that a court of equity is without jurisdiction to stay prosecution of criminal proceedings, when an action is brought, having that as its primary purpose. On the other hand, a court of equity has the unquestioned jurisdiction to protect, by injunction, property rights from threatened and irreparable injury. Appellants' petition alleges that the police officers have unlawfully interfered with their right, and that of the members of their union to earn their living, and that unless restrained by injunction this will continue to be done. The right which appellants allege the police are unlawfully interfering with is such a property right as a court of equity in a proper case has jurisdiction to protect against threatened irreparable injury. International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68, 71, 63 L.Ed. 211, 2 A.L.R. 293, approved by our Supreme Court in Anderson, Clayton & Co. v. State, 122 Tex. 530, 62 S.W.(2d) 107, 112.

■■ In urging their general demurrer to the petition, the appellee enforcement officers, for the purpose of having it ruled on, must be taken to admit the truth of its allegations. If these allegations are true, then the officers knew the members they were arresting and charging with the offense of vagrancy were not guilty of that offense, and in making such arrests, they were acting under color of their office only, and for the purpose of accomplishing their own unlawful purposes, and not for the purpose of enforcing the law against vagrancy, and unless restrained they will continue so to do. Assuming the truth of the allegations, appellees are not acting as law enforcement officers, but as law violators. Therefore, the principle that a court of equity will not interfere with law enforcement officers in the performance of their duty does not apply. For the purpose of urging their general demurrer, appellees must be taken to admit the allegations to the effect that, in arresting the members, they were acting not to perform their duty as law enforcement officers, but to violate it.

■ It is no objection to a prayer of a petition that it asks for more relief than a court might conclude was proper under the facts proved. If the court, on the hearing, concludes that the evidence submitted warrants the granting of injunctive relief, he will be able in the order to indicate clearly what is restrained.

We believe the court erred in rendering judgment sustaining the general demurrer, and that such judgment should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.

## On Appellees' Motion for Rehearing.

■ This court does consider important, it deems decisive, the allegations of the petition, which for present purposes must be taken as true, that appellees knew appellants were innocent of the offenses with which they were being charged, and for which they were being arrested and placed in jail, by appellees. If true, then as stated in our former opinion, appellees will, under color of their office as law enforcers, become law breakers, and, unless restrained by an injunction, do irreparable injury to appellants' property rights—a property right of the character that a court of equity will protect from threatened irreparable injury.

The cases relied on by appellees as supporting their position, in our opinion, do not do so. It is true that when a law enforcement officer, acting in good faith—or even if it is doubtful that he is acting in good faith—arrests a citizen for an offense denounced by a valid statute or ordinance, such citizen, though innocent, must digest his injuries as best he may. But where a police officer acts in bad faith, and in defiance of his duty as such, molests the citizen in the enjoyment of a property right his obligation binds him to protect, and this is all admitted to be true, a court of equity will enjoin such officer with no more regard to his office than the officer himself shows. Certainly, a court of equity has no less power, to restrain an officer who in bad faith arrests a citizen for an offense he knows him innocent of, than

it has to restrain an officer who in good faith arrests a man for doing an act denounced by a void statute or ordinance.

Motion refused.