[Civ. No. 6458.   Fourth Dist.   Aug. 18, 1961.]

UPTOWN ENTERPRISES (a Corporation), Appellant, v. BERT STRAND, as County Sheriff, etc., et al., Respondents.

Quintin Whelan for Appellant.

Henry A. Dietz, County Counsel, and Duane J. Carnes, Deputy County Counsel, for Respondents.

COUGHLIN, J.—This is an appeal from a judgment in favor of the defendants, the respondents herein, after an order sustaining an objection to the introduction of any evidence by the plaintiff, the appellant herein, upon the ground that the complaint upon which the action is based does not state facts sufficient to constitute a cause of action, and from an order denying plaintiff's motion for a new trial.

An order denying a motion for a new trial is not appealable. (*Armenta* v. *Churchill*, 42 Cal.2d 448, 451 [267 P.2d 303].) The appeal therefrom should be dismissed.

██ "The right of a defendant to move for judgment upon the pleadings, when the complaint fails to state a cause of action, is well settled in this state. [Citations.] Upon such motion, however, the court cannot consider any matter outside of the complaint, or any defense thereto in the answer, but the motion is to be determined upon the same principles as would be a demurrer to the complaint upon the same ground. All the facts alleged in the complaint are admitted for the purposes of the motion, and the court is to determine whether

these facts constitute a cause of action. If the necessary facts are contained in the complaint, the objection that they are defectively set forth, or are in an ambiguous or uncertain form, will be unavailing. There must be an entire absence of some fact or facts essential to constituting a cause of action." (*Hibernia Sav. & Loan Soc.* v. *Thornton*, 117 Cal. 481, 482-483 [49 P. 573]; *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal. 2d 149, 151 [157 P.2d 1]; *Miller* v. *McLaglen*, 82 Cal.App.2d 219, 223 [186 P.2d 48]; *Gallagher* v. *California Pac. Title & Trust Co.*, 13 Cal.App.2d 482, 486 [57 P.2d 195].)

The subject complaint purports to state two causes of action. In the first thereof the following facts are alleged: The plaintiff is the owner and operator of a drive-in theater in the unincorporated area of the county of San Diego. The defendant Strand is the sheriff of the county of San Diego and the remaining defendants are deputy sheriffs of that county. On December 12, 1958, during a performance at the theater, the plaintiff summoned a deputy sheriff to arrest a person who had been creating a disturbance. Two deputy sheriffs responded to the plaintiff's request; entered the theater; in turn summoned six other deputy sheriffs, who also entered the theater; and, thereafter, these deputy sheriffs ordered all patrons to leave the theater and ordered the theater closed. The patrons, who were in automobiles, left the theater as ordered, and as they did so the deputy sheriffs, without the "benefit of any search warrant, warrant of arrest or other legal process" searched each automobile. On March 20, 1959, the defendants Robbins and Clements entered the theater; without "any warrant of arrest, search warrant or other legal process" searched all of the automobiles in the theater, those that left the theater, and those that attempted to enter the theater; and forced the patrons to get out of their automobiles in order to enable the officers to search such automobiles. On these two occasions, i.e., December 12, 1958, and March 20, 1959, the defendants arrested certain persons on the theater premises. It is alleged that some of these arrests were made "without probable cause" and that others were made on the basis of evidence obtained by the "unlawful search and seizure of the automobiles of the patrons of the plaintiff whose automobiles were searched without any search warrant and without probable cause for searching the same." Following the December 12th incident the defendants caused the newspaper publication of a story to the effect that they had closed the plaintiff's theater, intending thereby to cause readers of the

newspaper to believe that the plaintiff's theater had been closed permanently. Following the March 20th incident, the defendants caused the newspaper publication of a highly colored account of what occurred at the theater on that date with the intention of having the readers thereof believe that the plaintiff's theater "was a resort of persons of low character and of persons who were habitual violators of the law; and that such persons frequented the premises of plaintiff in large numbers, and that plaintiff encouraged illegal activities upon" its premises. On many occasions subsequent to December 12, 1958, the defendants entered the plaintiff's theater without invitation from the plaintiff and without any search warrant or other legal process, patrolling the area within the theater, showing spotlights upon the automobiles of patrons, and "trespassing upon the plaintiff's premises." The foregoing described "actions of the defendants" were done for the purpose of (1) compelling and attempting to compel the plaintiff to change its policy of showing four motion pictures in an evening, of charging only $1.00 for each automobile and its occupants, and of showing those types of motion pictures known as "westerns," "horror pictures," "war pictures," and "space pictures"; (2) harrassing and interfering with the plaintiff in the operation of its theater; (3) causing patrons and prospective patrons of plaintiff's theater to believe that its theater was a place where criminals and persons of bad repute congregated and that the plaintiff encouraged and condoned illegal activities; and (4) generally giving the plaintiff's theater a bad reputation with the public. The defendants have not attempted to enter other drive-in motion picture theaters in the community for the purpose of searching the automobiles therein, patrolling such theaters, or flashing red lights upon the automobiles of the patrons thereof, and their actions with reference to the plaintiff's theater "constitute a discriminary [sic] treatment of the plaintiff." The defendants have threatened to again attempt "mass invasions of plaintiff's theatre"; to interfere with the business relations between plaintiff and its theater patrons; to "trespass" upon its premises; and to search the automobiles of the patrons without warrants or other legal process. By reason of the acts of the defendants the plaintiff has suffered damage "the amount and extent of which cannot readily be ascertained."

The allegations of the complaint adequately set forth the intent of the defendants (*Mendelson* v. *McCabe,* 144 Cal. 230,

233 [77 P. 915, 103 Am.St.Rep. 78]; *Woodroof* v. *Howes,* 88 Cal. 184, 190 [26 P. 111]; *Brison* v. *Brison,* 75 Cal. 525, 527 [17 P. 689, 7 Am.St.Rep. 189]), their purpose in conducting themselves as alleged, and the threats of similar conduct in the future. (*Collins* v. *Vickter Manor, Inc.,* 47 Cal.2d 875, 883 [306 P.2d 783]; *Montezuma Improvement Co.* v. *Simmerly,* 181 Cal. 722, 726 [189 P. 100]; *Mendelson* v. *McCabe, supra,* 144 Cal. 230, 233; *Huffman* v. *Coulter,* 55 Cal.App. 173, 174 [203 P. 125].) However, we have omitted from a recital of the facts contained in the complaint several allegations clearly objectionable as conclusions of law, the truth of which would not be admitted by the subject motion. (*Vallindras* v. *Massachusetts etc. Ins. Co.,* 42 Cal.2d 149, 151 [265 P.2d 907]; generally see 2 Cal. Pleading [Cont. Ed. Bar] pp. 428-433.) On the other hand we have disregarded several ambiguities which appear throughout the complaint because, although such a motion may serve the office of a general demurrer it is not a vehicle for objections which may be urged by special demurrer. (*Redondo Improv. Co.* v. *Redondo Beach,* 3 Cal.App.2d 299, 302 [39 P.2d 438]; *Bauer* v. *Neuzil,* 66 Cal.App.2d Supp. 1020, 1023 [152 P.2d 47].)

When an objection to the sufficiency of a complaint is made for the first time at the trial the allegations therein will be construed liberally and every reasonable intendment will be indulged in its favor. (*Gallagher* v. *California Pac. Title & Trust Co., supra,* 13 Cal.App.2d 482, 486.)

Interpreted in favor of the complaint, the allegations thereof establish that the defendants have engaged and threatened to continue to engage in a course of conduct upon and about the premises of plaintiff for the purpose of harassing the plaintiff in the operation of its theater, causing its patrons to believe that its theater was a place where criminals and persons of bad repute congregated, and to compel the plaintiff to change its policies with respect to the length of the program, the price charged for admission, and the type of motion pictures shown; and that this course of conduct has and will continue to cause damage to the plaintiff in an unascertainable amount.

The facts alleged clearly state a cause of action for injunction on two grounds, viz., (1) to restrain an unlawful interference with a lawful business and (2) to enjoin threatened repeated trespasses.

"Everyone has the right to establish and conduct a lawful business and is entitled to the protection of organized

society, through its courts, whenever that right is unlawfully invaded. Such right existing, the commission of an actionable wrong is established against any one who is shown to have intentionally interfered with it, without justifiable cause or excuse." (*Buxbom* v. *Smith,* 23 Cal.2d 535, 546 [145 P.2d 305]. Compare analogous principles applied to interference with contract relations as considered in *Collins* v. *Vickter Manor, Inc., supra,* 47 Cal.2d 875, 883; *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 39 [172 P.2d 867]; *Imperial Ice Co.* v. *Rossier,* 18 Cal.2d 33, 35 [112 P.2d 631]; *Freed* v. *Manchester Service, Inc.,* 165 Cal.App.2d 186, 188 [331 P.2d 689]; *Remillard-Dandini Co.* v. *Dandini,* 46 Cal.App.2d 678, 680 [116 P.2d 641].)

■ "Actionable interference of this kind is not limited to inducing breach of an existing contract or other wrongful conduct but comprises also unjustifiably inducing a third person not to enter into or continue a business relation with another." (*Masoni* v. *Board of Trade of San Francisco,* 119 Cal.App.2d 738, 741 [260 P.2d 205]; *Remillard-Dandini Co.* v. *Dandini, supra,* 46 Cal.App.2d 678, 680.)

■ The interference objected to may be unlawful because the means used are unlawful, such as where it occurs through the use of force, violence, coercion, or intimidation, or it may be unlawful regardless of the means used because it is unjustifiable. (*Speegle* v. *Board of Fire Underwriters, supra,* 29 Cal.2d 34, 39, 41; *Guillory* v. *Godfrey,* 134 Cal.App.2d 628, 631, 632 [286 P.2d 474]; *Baker* v. *Kale,* 83 Cal.App.2d 89, 93 [189 P.2d 57]; *Krigbaum* v. *Sbarbaro,* 23 Cal.App. 427, 434-436 [138 P. 364].) ■ In either event the threat of future interference is a proper subject for injunctive action. (*Imperial Ice Co.* v. *Rossier, supra,* 18 Cal.2d 33, 35, 39; *California Grape Control Board* v. *California Produce Corp.,* 4 Cal.App. 2d 242, 244 [40 P.2d 846]; *cf. Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, 542-543 [42 P. 142, 50 Am.St.Rep. 57, 30 L.R.A. 182].)

It must be remembered, it is alleged that the defendants went upon the plaintiff's property, searched its patrons and ordered them to leave, not for the purpose of enforcing the law, but for the purpose of harrassing the plaintiff, giving the plaintiff's place of business a bad reputation, and compelling the plaintiff to change its business policies. This conduct is both unlawful and unjustifiable.

The alleged nature of this conduct also stamped the action of the defendants in going upon the plaintiff's premises as a

52

trespass. (*Triscony* v. *Brandenstein,* 66 Cal. 514, 516 [6 P. 384]; *MacLeod* v. *Fox West Coast Theatres Corp.,* 10 Cal.2d 383, 387 [74 P.2d 276].)

▓ Although the entry of a law enforcement officer upon the land of another in the lawful discharge of his duties, as a general rule, is not wrongful and, therefore, not actionable (*People* v. *Wright,* 153 Cal.App.2d 35, 38-39 [313 P.2d 868]; *Giacona* v. *United States,* 257 F.2d 450, 456; *Heinze* v. *Murphy,* 180 Md. 423 [24 A.2d 917, 922]; *Thurlow* v. *Crossman,* 336 Mass. 248 [143 N.E.2d 812, 813-814]; *cf. People* v. *Roberts,* 47 Cal.2d 374, 377 [303 P.2d 721], stating the rule that necessity may justify an entry which otherwise would be a trespass), an entry for the purpose of harrassing the owner, giving his business a bad reputation, compelling him to change a lawful business policy, or unjustifiably interfering with the business relations between him and his patrons is unauthorized, wrongful and actionable. (*Foley* v. *Martin,* 142 Cal. 256, 258-260 [71 P. 165, 75 P. 842, 100 Am.St.Rep. 123].) The facts alleged in the case at bar, by attaching an unlawful purpose to the entry, negate its lawful character.

▓ Injunction is a proper remedy against threatened repeated acts of trespass (*Montezuma Improvement Co.* v. *Simmerly, supra,* 181 Cal. 722, 726; *Mendelson* v. *McCabe, supra,* 144 Cal. 230, 232-233; *Kellogg* v. *King,* 114 Cal. 378, 385-389 [46 P. 166, 55 Am.St.Rep. 74]; *Huffman* v. *Coulter, supra,* 55 Cal.App. 173, 174), particularly where the probable injury resulting therefrom will be "beyond any method of pecuniary estimation," and for this reason irreparable. (*Kellogg* v. *King, supra,* 114 Cal. 378, 387.)

The defendants cite authorities to the effect that an injunction will not issue to enjoin law enforcement officers from performing their proper duties even though they may act in an oppressive and unlawful way, or cause injury to the business of another. (See *Pon* v. *Wittman,* 147 Cal. 280, 293-297 [81 P. 984, 2 L.R.A. N.S. 683]; 43 C.J.S. 620; 28 Am.Jur. 747; 16 McQuillin on Municipal Corporations [3d ed.] p. 540.) However, the factual premise foundational to an application of the cited authorities is not established by the facts alleged in the plaintiff's complaint. The acts which the plaintiff seeks to enjoin do not involve the prevention or detection of crime or the performance of any other official duty. Although the defendants are law enforcement officers and purported to exercise the authority vested in them as such, their alleged purpose in doing so was not to discharge their official

duties but to compel the plaintiff to change its business policies and otherwise to interfere with its business. The facts pleaded in the complaint do not relate the activities of the defendants to any law enforcement duty. ██ The right to enjoin threatened acts of trespass or unlawful interference with another's business by law enforcement officers acting beyond the scope of their proper duties is measured by the same standard as the right to enjoin similar acts by other persons. (*Pavilion Ice Rink* v. *O'Brien*, 60 Cal.App. 183 [212 P. 631]; *Lee* v. *Beach Pub. Co.*, 127 Fla. 600 [173 So. 440, 442]; *City of Louisville* v. *Lougher*, 209 Ky. 299 [272 S.W. 748, 750-751]; *Gaither* v. *Cate*, 156 Md. 254 [144 A. 239, 240]; *National Cab. Co.* v. *Kunze*, 182 Minn. 152 [233 N.W. 838, 840]; *Russo* v. *Miller*, 221 Mo.App. 292 [3 S.W.2d 266, 269]; *Higgins* v. *Krogman*, 140 N.J. Eq. 518 [55 A.2d 175, 177]; *Miller* v. *City of Atlantic City*, 111 N.J. Eq. 260 [162 A. 143, 144]; *Monfrino* v. *Gutelius*, 66 Ohio App. 293 [33 N.E.2d 1003, 1005]; *Newman* v. *Ardmore Rod & Gun Club*, 190 Okla. 470 [125 P.2d 191, 193]; *Gurtov* v. *Williams* (Tex.Civ.App.), 105 S.W.2d 328, 330; *cf. Brock* v. *Superior Court*, 12 Cal.2d 605, 610 [86 P.2d 805]; see also 43 C.J.S. 620; 28 Am.Jur. 748, 753; 16 McQuillin on Municipal Corporations (3d ed.) 539, 540.) As stated in *Gurtov* v. *Williams, supra* (Tex.Civ. App.), 105 S.W.2d 328, 330, the defendants in the instant case, under the facts pleaded, were "not acting as law enforcement officers, but as law violators." The court in *Higgins* v. *Krogman, supra*, 140 N.J. Eq. 518 [55 A.2d 175, 177], declared that: "The power of the Court of Chancery to restrain illegal interference with legitimate business by peace officers under the guise of enforcing the law is indisputable."

Continuing with their assumption of facts contrary to those alleged in the complaint, the defendants contend that their action did not constitute a trespass because they entered the theater for the purpose of enforcing the law, making a proper police investigation, or maintaining the public peace. The facts alleged indicate the contrary. Similarly the defendants contend that their action did not constitute a violation of the constitutional guarantee against unlawful search or seizure because they only looked in the automobiles parked in, or moving in or out of the theater. The facts alleged are directly to the contrary. These arguments disregard the rule that the truth of the allegations contained in the complaint are admitted for the purposes under consideration. In passing upon

the validity of the order of the trial court which foreclosed the plaintiff from the presentation of any evidence in support of the allegations of its complaint, we do not accept the truth of the charges made as a reality but only in adherence to the mandate of the law for the purpose of testing the sufficiency of the complaint to state a cause of action. Whether those allegations in reality express the truth can be legally determined only upon a trial of the action.

The second cause of action set forth in the complaint alleges the incidents occurring on December 12, 1958, and March 20, 1959; that the search of the automobiles in question was conducted without a search warrant ''or other legal process''; that eight deputies with four squad cars participated in the first incident and fourteen deputies with seven squad cars participated in the second incident; that the defendants have announced that they intend to continue such ''raids''; and that the plaintiff is a taxpayer of the county of San Diego. Under the authority of *Wirin* v. *Horrall*, 85 Cal. App.2d 497 [193 P.2d 470], the plaintiff seeks to enjoin the defendants from wasting public funds, contending that the ''raids'' in question were unauthorized. It should be noted that the second cause of action omits the allegations of the first cause of action with respect to the purpose for which the officers acted, i.e., harrassment of the plaintiff, interference with the business relations between the plaintiff and its patrons, and an attempt to compel a change in its business policies. The second cause of action is confined to allegations which establish that, on two occasions, the defendants searched the automobiles of plaintiff's patrons without a warrant or other legal process, and that they have announced their intention of conducting similar searches in the future. These allegations do not establish that the defendants acted illegally or without the scope of their authority. Not every search without a warrant is illegal or unauthorized. For example, a search made as an incident to a lawful arrest based on reasonable cause to believe that the person arrested has committed a felony is a lawful search, even though made without a warrant (*People* v. *Hammond*, 54 Cal.2d 846, 853 [9 Cal.Rptr. 233, 357 P.2d 289]), and even though it occurs before rather than after the arrest (*People* v. *Ingle*, 53 Cal.2d 407, 413 [348 P.2d 577]); and a search of an automobile founded on reasonable cause to believe that it contained contraband or stolen property also is lawful even though made without a warrant. (*Carroll* v. *United States*, 267 U.S. 132, 149 [45 S.Ct. 280,

69 L.Ed. 543, 39 A.L.R. 790]; *People* v. *Gale*, 46 Cal.2d 253, 255 [294 P.2d 13]; *People* v. *Brajevich*, 174 Cal.App.2d 438, 443 [344 P.2d 815].) The sufficiency of the facts alleged in the instant complaint, as a pleading of illegal or unauthorized conduct by the defendants, must be distinguished from the sufficiency of proof of those facts to establish a prima facie showing of illegal or unauthorized conduct. When the question of the illegality of a search is raised at a trial the party asserting the illegality makes a prima facie case when he establishes that the search was made without a warrant, and the burden then rests upon the person making the search to show proper justification. (*Badillo* v. *Superior Court*, 46 Cal. 2d 269, 272 [294 P.2d 23].) This is a rule of evidence and not of pleading. ▮▮▮ A rule of evidence may not be applied to the construction of a pleading for the purpose of supplying omitted essential facts. (*Herzog* v. *Atchison, Topeka etc. R. R.*, 153 Cal. 496, 501 [95 P. 898, 17 L.R.A. N.S. 428]; *Fredericks* v. *Tracy*, 98 Cal. 658, 660 [33 P. 750]; *Coburn* v. *Pearson*, 57 Cal. 306, 307; *Harris & Jacoby* v. *Hillegass*, 54 Cal. 463, 470; *Graybiel* v. *Consolidated Assns., Ltd.*, 16 Cal.App.2d 20, 25 [60 P.2d 164].) ▮▮▮ To plead the illegality of a search it is necessary to negative the existence of those factual situations upon which a lawful search might be predicated. (*Dillon* v. *Haskell*, 78 Cal.App.2d 814, 816 [178 P.2d 462].)

▮▮▮ The decision in *Wirin* v. *Horrall, supra*, 85 Cal. App.2d 497, 504, upon which the plaintiff relies to support its second cause of action, was based upon a determination that the complaint there under consideration alleged that the police officers who were the defendants in the case stopped automobiles "without having probable cause to believe that the automobiles contained contraband or that the individual citizens had violated any law." No such allegations appear in the second cause of action of the complaint at hand. No cause of action was stated therein. The cited case does not apply.

Nevertheless, the allegations in the first cause of action state facts sufficient to constitute a cause of action against the defendants and, for this reason, the order granting the motion to exclude evidence was error.

The judgment is reversed. The attempted appeal from the order denying the motion for a new trial is dismissed.

Griffin, P. J., and Shepard, J., concurred.