WARREN PEVEY, PROSECUTOR, v. JOSEPH GREENBERG ET AL., DEFENDANTS.

Submitted March 16, 1925—Decided May 11, 1925.

The act (*Pamph. L.* 1904, *p.* 273; *Comp. Stat., p.* 3937) providing for licenses by the county clerk to honorably discharged soldiers, &c., to "hawk, peddle and vend" goods and merchandise, &c., gives no right to the holder of such license to sell his wares at a fixed stand in disregard of a valid municipal ordinance requiring a local license therefor.

---

On *certiorari* to order of the president judge of the Morris Common Pleas, setting aside a conviction of Joseph Greenberg of violation of an ordinance.

Before Justice PARKER, sitting alone, pursuant to the statute.

For the prosecutor, *King & Vogt.*

For the defendant Greenberg, *Samuel C. Meyerson.*

The opinion of the court was delivered by

PARKER, J.   Greenberg was convicted before the recorder
of Dover of the offense of violating an ordinance of that town
by conducting a roadside stand for the sale of refreshments
without a license so to do as required by the ordinance.   He
claimed exemption from the license requirement because of
the act of 1904 (*Pamph. L., p.* 273; *Comp. Stat., p.* 3937),
which provides that "every honorably discharged soldier,
sailor or marine of the military or naval service of the United
States, who is a resident of this state, shall have the right to
hawk, peddle and vend any goods, wares or merchandise, or
solicit trade within this state by procuring" a license from
the county clerk, and lays down the method of obtaining such
license.   It sufficiently appeared that Greenberg was a resi-
dent, was an honorably discharged soldier, and had the license
required by the act.   The defense was overruled and a con-
viction had.   On summary review before the Common Pleas
judge, under one of the several acts in that behalf, probably
that of 1908 (*Comp. Stat., p.* 1868, *pl.* 145 *b*), the conviction
was reversed and set aside on the ground that Greenberg was
exempt from the operation of the ordinance in conducting the
place in question.   The proceeding is now before me on
*certiorari.   Newark* v. *Kazinski,* 86 *N. J. L.* 59; *Summit* v.
*Iarusso,* 87 *Id.* 403; *Edwards* v. *Petry,* 90 *Id.* 670.

The sole question involved is the construction of the statute
of 1904, quoted above.   Whether it may have been repealed
or limited, expressly or by implication, by one or more of the
various acts relating to municipalities, licenses, &c., passed
since that date, is a point not discussed.   Assuming the act
of 1904 to be in full force, I am clearly of opinion that the
county clerk's license, issued pursuant thereto, confers no
right to conduct a fixed place of refreshment—a restaurant
or soft drink and tobacco stand, or the like—as against the
licensive power conferred on the municipality.   Stress is laid
on the word "vend," and it is argued that as the word means
"sell" it may be detached from its context, and, thus, a vet-
eran holding the county clerk's license may sell any lawful

wares in any manner. The argument proves too much, as it would exempt from local license every honorably discharged soldier, &c., who chose to open any kind of store in, say, Atlantic City or Asbury Park. *Johnson* v. *Asbury Park,* 60 *N. J. L.* 427; *Atlantic City* v. *Hemsley,* 76 *Id.* 354; *Shill Rolling Chair Co.* v. *Atlantic City,* 87 *Id.* 399, 400. In my view, the words "hawk, peddle and vend" are intended to operate conjunctively, as indicated by the word "and" in the clause. The language is doubtless taken from section 5 of the old "act relating to hawkers, peddlers and petty chapmen" (*Comp. Stat., p.* 3933), which says that "if any person shall be found hawking, peddling or traveling from house to house, or place to place, to vend * * * without first having obtained a license," &c. The phraseology goes back to 1830. *Elm. Dig.* 390. I have no form available of the license issued by the Common Pleas under the Peddlers act, but it is not unlikely that it authorizes the holder "to hawk, peddle and vend" in the very language of the 1904 act.

An application of the maxim *noscitur a socies* leads to the same result, which is that the vending contemplated by the act of 1904 is that of a hawker and peddler, and not the sale of refreshments or merchandise at a fixed stand.

These views lead to the conclusion that no error in the original conviction has been shown. The order of the Common Pleas judge is therefore set aside and the original conviction affirmed.