Complainant's bill and affidavit set forth that he is a resident of New York; that he has about one hundred and fifty mint vending machines now in Union county, and has made arrangements "for the operation of said machines" in said county; that the defendants (the prosecutor, and chief of detectives of Union county, and the chief of police of Elizabeth) have threatened to confiscate the said machines, on the ground that they are gambling devices. The machines are described; it is asserted that they are not gambling devices; and it is charged that the threatened confiscation would be illegal and would result in irreparable damage to complainant. *Page 515 
The bill prays injunction against such threatened confiscation; and the present application is for an order to show cause whypendente lite restraint should not be granted.
It is not perceived that the complainant's bill and affidavit makes out a case entitling him to the issuance of such order to show cause.
The question as to whether these machines come within the proscription of the criminal law against gambling devices — if indeed it should be determined in this court at all — is quite obviously (from the description of the machines in the bill) one which ought not to be determined except at final hearing.
I am rather inclined to the opinion that the case is analogous to the usual suits to restrain obstruction or interference with alleged easements — where the ordinary rule is that complainant must first establish, in a court of law, his right to the alleged easement, before this court will proceed; and that the question here of whether the machines are legal or illegal should be determined in a court of law, and in complainant's favor, before this court should enjoin their confiscation.
Such determination can of course readily be had, upon the confiscation of a single machine.
In any event, complainant does not show a case of irreparable damage. The cost of each machine must be susceptible of ready proof, and adequate damages can be recovered in a suit at law. There is no showing that defendants are not financially able to respond in damages if they be found to have confiscated the machines wrongfully.
It may be argued for complainant that the status quo should be maintained; and that he will suffer damage in loss of profits, which will be irreparable because not susceptible of computation or proof, if, and while, he is prevented from operating the machines.
The answer to that is, first, that the status quo will be maintained — the machines are not now being operated; and second, that complainant is not entitled to be permitted to make the speculative profit out of the operation of machines *Page 516 
which may be adjudged illegal. If they be so adjudged, then the profit made by complainant in their operation pendente lite
will be profit made by his violating the criminal law, and this court will have aided him therein, by its interim restraint. It is obvious, therefore, that such restraint should not be granted by this court; and it would be futile to issue an order upon defendants to show cause why this court should not make an order, which this court is already convinced that it should not make.
It seems probable from the description of the machine in complainant's bill, that complainant is endeavoring to produce and operate a machine which will avoid the illegal features of the machines involved in Pure Mint Co. v. LaBarre, 96 N.J. Eq. 186,
and in Zaft v. Milton, 96 N.J. Eq. 576, and which will retain the essential character of those machines; in other words, that he is trying to get around the law as it now stands. If he has done so, or can do so, he is then quite within his legal rights; but he has necessarily gone into this thing with his eyes open; he must know that he has made his investment at his own risk; and there is no reason why this court should protect him against that risk at the expense of the risk of finding that it has thereby fostered an illegal and criminal enterprise.
The application will be denied. *Page 517