DELL PUBLISHING COMPANY, complainant,

*v.*

JOHN BEGGANS, director of public safety, et al., defendants.

[Decided February 2d, 1932.]

*Messrs. Winne & Banta (Mr. Walter G. Winne, of counsel),* and *Mr. John Milton,* for the complainant.

*Mr. Thomas J. Brogan,* for the defendants.

BIGELOW, V. C.

Complainant publishes a monthly magazine which has had a large circulation in Jersey City through sale at five or six hundred news stands. On January 8th, 1932, the director of public safety and the chief of police of Jersey City directed the newsdealers to remove the magazine from sale and threatened to confiscate and destroy the same unless so removed; they instructed the newsdealers to refuse to receive for sale any future issues. Subsequently they informed complainant that the further sale of the magazine in Jersey City

was banned and would not be permitted. The publication date for the March issue was January 22d. Two days before that date complainant filed its bill of complaint in this cause against the director of public safety, the deputy director and the chief of police of Jersey City, praying that they be enjoined from interfering with the distribution, sale and offering for sale of the magazine. Upon the filing of the bill, the defendants were ordered to show cause why they should not be so restrained pending final hearing. The case is now before the court upon the return of this order. The defendant director of public safety, has filed an affidavit in which he states that he has examined a number of previous issues of the magazine and has reached the conclusion that they contain pictures and cartoons that are obscene, indecent, and prohibited by the Crimes act, and that the practice of printing such pictures and cartoons has not abated.

Complainant's counsel has cited a number of decisions to demonstrate that the court has jurisdiction to grant and should grant the relief prayed. In one group of cases cited, public officers have been enjoined from enforcing a statute or an ordinance or resolution of a subordinate body (for instance, a municipal ordinance or a resolution of a public utility commission) on the ground that such statute, ordinance or resolution was illegal. These cases do not apply since the Crimes act on which the defendants rely is not attacked. In other cases, of which *Dearborn Publishing Co.* v. *Fitzgerald, 271 Fed. Rep. 479,* is an example, officers were restrained from acting under a valid ordinance because it appeared clearly that complainant was not violating the ordinance and that the public officers were only using it as a pretext. In still other decisions, public officers were restrained because their action did not have even the pretended support of a statute, ordinance or the like. The New Jersey decisions cited by complainant's counsel are the following: *New Yorker Staats-Zeitung* v. *Nolan, 89 N. J. Eq. 387.* The officers of North Bergen township were restrained from enforcing a resolution of the township committee forbidding the sale of newspapers printed in the German language. The defendants urged that the municipality under its "police power" had

authority to pass the resolution. They said that the circulation of such newspapers might lead to riot and that to prevent riot, the township could forbid their circulation. Vice-Chancellor Lane commented that "to state the proposition is almost to demonstrate its absurdity."

*Public Welfare Pictures Corp.* v. *Brennan, 100 N. J. Eq. 132.* Vice-Chancellor Church restrained the police of Newark from interfering with the showing of a certain motion picture. The police did not contend that the exhibition would violate any criminal or other statute or any ordinance; they merely urged that to show the picture publicly, except in a Y. M. C. A., school building or a church, would be objectionable. No color of legality for forbidding the picture on these grounds appeared.

The court of chancery has no power to enjoin police officers from enforcing the criminal law of the state or from making an arrest or taking other lawful action under the sanction of a criminal statute. There is, perhaps, an exception to this rule which permits the court to interfere when the acts of the police work irreparable injury to the property of complainant and the statute on which the police rely is plainly void or there is no color of fact to support action thereunder. I express no opinion as to whether there is such an exception to the rule, but I will assume that there is. The irreparable injury to complainant's business which results from defendants' acts is clear. But the statute, section 53 of the Crimes act (*Comp. Stat. p. 1762*), is not even attacked and there is a sufficient basis for action under this section. If I had to determine the issue, I would say that the numbers of complainant's magazine which I have seen are not obscene or indecent; but a jury might find the contrary. The innocent character of the magazine is not beyond debate. Therefore, the court will not enjoin defendants from prosecuting whoever may possess the magazine with intent to sell.

Complainant stresses that defendants have not arrested any newsdealers or taken any lawful action to uphold the law; that they have used extra legal means, namely, have ordered the newsdealers not to sell the magazine and have threatened to confiscate and destroy copies of the magazine

that were not removed from sale. Further, the defendants admitted at the argument that, when on January 8th they ordered the removal of the magazine from the news stands, they collected all the copies they could find and took them to one of the police stations in Jersey City, so as to insure that they would not be sold.

An order by police officers that a magazine be not sold has no more legal weight than a similar order given by a private individual. It is effective, however, because it carries an implied threat that disobedience will be followed by arrest and prosecution. Complainant contends that any action by the police in advance of the commission of a crime (not amounting to a breach of the peace) is unlawful; that their only function is to wait until a crime has been accomplished and then to arrest and prosecute. I do not think this sound. In my opinion, the police have a preventive function; if they have reason to believe a crime is contemplated, they may properly give warning that if the crime is committed they will proceed against the wrong-doer. There may be circumstances in which it is their duty to go further in order to prevent crime. In *State* v. *Castle, 75 N. J. Law 187,* the police commissioner of Newark was charged with omitting to use all proper, reasonable and effective means within his power for the suppression and *prevention* of gambling houses and other disorderly houses. The supreme court found it unnecessary to pass on this charge and did not intimate any doubt as to its validity. This indictment was prepared by a prosecutor distinguished for his learning; it suggests that police are under a positive duty to prevent crime. Complainant has not convinced me that the action of the police in ordering the newsdealers not to sell the magazine is unlawful, in so far as that order may be construed merely as a threat of prosecution.

The seizure and removal of the magazines to the police station is in a different category. It was not an incident to arrest or prosecution and it was not done by virtue of a warrant under section 110 of the Criminal Procedure act. *Comp. Stat. p. 1854.* Counsel for the defendants offer no legal justification for the action. If the magazine in question was

obviously an obscene and indecent publication, the possession of which, with intent to sell, is denounced as a misdemeanor by section 53 of the Crimes act, the complainant would not be entitled to relief, even against the unlawful seizure of the magazine by defendants. The court does not lend its aid to criminal acts. *Pure Mint Co.* v. *LaBarre, 96 N. J. Eq. 186.* But as stated above, it does not so appear.

One other point must be considered. Complainant says, assuming that the December, January and February issues were indecent (which it denies), that there is still no reason to believe that the March or any future issue will be indecent and that the action of the police in prohibiting the sale of future issues is therefore without basis, discriminatory and illegal. I think the court may take judicial notice that a given periodical maintains a rather uniform character from issue to issue. It makes an appeal to a certain type of reader whose patronage the publisher hopes to retain week after week or month after month. Thus each issue of the same magazine is much like every other issue, whether the magazine be the *Atlantic Monthly* or whether it be complainant's magazine. The police may properly take these facts into consideration and if they find that complainant's magazine in the past has been obscene or indecent, they may assume that it will be of the same character in the future. If, in fact, complainant should change the character of its magazine by omitting questionable pictures, defendants presumably will not fulfill their threats. I cannot assume that public officers will act in an unreasonable or unlawful manner.

I will advise an order enjoining the defendants *pendente lite* from interfering with the distribution or sale of the magazine, but the order will contain this provision: That it shall not be construed to restrain defendants from arresting any person for the violation of any ordinance or law and especially section 53 of the Crimes act, or from warning any person that if he shall possess complainant's magazine with intent to sell the same, they will cause a complaint to be made against him under section 53; and further, that it shall not be construed to restrain defendants from seizing and taking possession of any books or magazines by virtue

of a warrant pursuant to section 110 of the Criminal Procedure act.

Vice-Chancellor Berry, who has just heard a similar case brought by the same complainant against officials of the city of Newark, has informed me that he concurs in the views above stated.