PUBLIX NEW JERSEY THEATRE, INCORPORATED, a Delaware corporation, complainant,

*v.*

CHARLES A. FLYNN, chief of police of the city of Plainfield, et al., defendants.

[Decided February 13th, 1932.]

*Mr. C. Wallace Vail,* for the complainant.

*Mr. William Newcorn,* for the city of Plainfield.

*Mr. Winfield S. Angleman,* for the city magistrate.

CHURCH, V. C.

This is an application by the complainant for an injunction to restrain the chief of police of the city of· Plainfield and the city magistrate from enforcing an ordinance of that city. The prayer of the bill is as follows:

"2. That the defendants, their agents, officers, servants and all persons acting for or under them, be restrained and enjoined from interfering or molesting the complainants, its agents or servants, in the conduct of its business of operating moving picture theatres in the city of Plainfield, county of Union and State of New Jersey, known as the Paramount, Strand and the Oxford, or from trespassing upon or over the property of the complainant, situate as above stated.

"3. That the defendants, their agents, officers, servants and all persons acting for or under them, be restrained and

enjoined from discriminating against the complainant, its agents and servants, in the enforcement in the laws of the State of New Jersey, and the ordinances of the city of Plainfield, county of Union and State of New Jersey."

The question involved is as to the constitutionality of the ordinance under discussion.

The pleadings show, and counsel stated at the hearing, that these moving picture theatres are open continuously and have been open for many successive Sundays. The conducting of these shows on Sunday is admittedly in violation of the Vice and Immorality act. *4 Comp. Stat. p. 5712 § 8.* The continual violation constitutes such theatre a disorderly house. There is a long line of decisions upholding this view.

The first case is that of *State* v. *Williams, 30 N. J. Law 102,* in which Chief-Justice Whelpley, speaking for the supreme court, defined a disorderly house as follows:

"Any place of public resort, whether an inn, a dwelling place, a storehouse, or any other building, or garden, is a public nuisance, in which illegal practices are habitually carried on."

In *State* v. *Martin, 77 N. J. Law 652,* Chief-Justice Gummere, after quoting many earlier decisions, said (at *p. 653*):

"In view of this line of decisions it must be accepted as settled that any place in which illegal practices are habitually carried on is a disorderly house."

And, in the case of *State* v. *Reade, 98 N. J. Law 596,* which involved a moving picture exhibition on Sunday, Chief-Justice Gummere said:

"A house in which habitual violations of the law occur is a disorderly house, notwithstanding the fact that no single violation constitutes a crime, and is only punishable as an act of disorder."

The situation before me, therefore, is that the complainant, who asks to have an alleged illegal ordinance set aside, is admittedly violating the law of the state, and desires to continue so to do. It is apparent that the result of an injunction, were it granted, would be to allow complainant, at least

temporarily, to continue his illegal practices. Such a complainant has no standing in a court of equity. The doctrine of clean hands is so well established that it is hardly necessary to quote authority. However, Vice-Chancellor Buchanan, in the case of *Pure Mint Co.* v. *LaBarre, 96 N. J. Eq. 186* (at *p. 188*) says:

"It is contended that the operation of the machines is in violation of section 65b of the Crimes act. *2 Comp. Stat. p. 1767.*

\* \* \* \* \* \* \*

"This is the only issue raised in the argument, and the question of the right of seizure and confiscation need not be considered, since, obviously, the machines are intended to do what they in fact do, and, if they violate the statute, complainant has no standing to ask the aid of this court."

It should be noted, also, that for one of the violations of the alleged ordinance the complainant herein was convicted in the magistrate's court and an appeal is now pending in the court of common pleas. Presumably, the constitutionality of the ordinance can be raised in that proceeding and the court may set aside the conviction. A court of equity, however, is not the forum in which a complainant, who admits he has habitually violated the law, can seek redress in order that he may persist in his wrong-doing.

It is unnecessary to discuss the other questions raised in the briefs of counsel.

I will deny the application for an injunction.