HERMAN STRAUSS, PROSECUTOR, v. BOROUGH OF BRAD-
LEY BEACH AND WILLIAM NEWHAUSEN, RESPOND-
ENTS.

Argued May 5, 1936—Decided September 5, 1936.

Before Justices LLOYD and DONGES.

For the prosecutor, *Howard K. Shaw.*

For the respondents, *Joseph R. Megill.*

LLOYD, J. The prosecutor of the writ is a veteran of the world war and holds a license from the county clerk of Mercer county to peddle merchandise in this state in accordance with the provisions of chapter 141 of the laws of 1904 (*Pamph. L., p.* 273), as amended by chapter 321 of the laws of 1931 (*Pamph. L., p.* 706), and chapter 119 of the laws of 1934 (*Pamph. L., p.* 319). He was peddling in Bradley Beach, was arrested and convicted and fined the sum of $5, the sentence being suspended.

The borough has an ordinance prohibiting all peddling and therefore no licenses are issued, and it was under this ordinance that conviction was had.

The borough contended that the act was not intended to apply to cities or boroughs where there were prohibitory ordinances. Also that the act is unconstitutional as violative of the provisions of our own constitution in that it grants a

special privilege to an individual, and that it is discriminatory against citizens of other states in contravention of the federal constitution.

There is no doubt we think of the purpose of the statutes. It was to class veterans of the various wars as a body and to entitle them to a privilege of peddling throughout the state regardless of the action of municipalities, whether such action took a prohibitive form or a regulative form. The statute is applicable to the state generally, making no exceptions, and if in conflict with a municipal ordinance the latter must cease to be effective.

As to our own constitution which prohibits the granting of any special exclusive privilege, &c., to any corporation or individual, we think this is a permissive classification. It certainly does not select any individual as being entitled to special privilege. It has for many years been the custom of the state to recognize veterans of our wars as men in a class distinct from the mass of its citizens; a class which has rendered distinctive service to the country, in many cases suffering injuries or lasting disability.

As to the contention that the act is discriminatory against citizens of other states within the fourteenth amendment of the federal constitution which declares that "no state shall make and enforce any law which shall abridge the privileges or immunities of citizens of the United States, again we fail to see a valid objection. It would seem that the act is but a method of rewarding those who have served in the protection of the country at large. Many states have given specific sums of money to its individual citizens engaged in its wars; including our own. If such reward takes the form of a license to peddle it is not a discrimination against citizens of other states. It is not a privilege of citizens of the United States generally which is being denied.

The judgment is reversed.