JOHN L. HIGGINS, CHARLES DZUBA, RUBY PERR and
WILLIAM LINDNER, complainants-respondents,

*v.*

GEORGE W. KROGMAN, Mayor of the City of Wildwood, and
OAKFORD N. COBB, chief of police of the City of Wild-
wood, defendants-appellants.

[Argued May 25th, 1948. Decided September 3d, 1948.]

*Mr. Isaac C. Ginsberg,* for the complainants-respondents.

*Mr. Irving Shenberg* and *Mr. Carl Kisselman,* for the defendants-appellants.

The opinion of the court was delivered by

JACOBS, J.

This is an appeal from an interlocutory order and a final decree granting injunctive relief to complainants-respondents.

Complainants are all veterans holding peddlers licenses issued by the clerk of Atlantic County pursuant to the provisions of *R. S. 45:24–9 et seq.* They sought to engage in their business of peddling ice cream on the beach at Wildwood but police authorities, acting under a municipal ordinance which prohibited all peddling on the beach, prevented them from doing so by physical interference, confiscation of their property, and threatened arrests. On one occasion arrests were made but no action was taken in furtherance thereof.

In due course, the complainants filed a verified bill of complaint in the Court of Chancery praying that the defendants, mayor and chief of police of Wildwood, be restrained from interfering with or molesting them in their peddling of merchandise in Wildwood. In their answering affidavits the defendants did not deny interference with complainants' peddling but justified their action under Wildwood's ordinance No. 422 adopted on April 29th, 1941, which provides for the issuance of licenses, including peddling licenses, and sets forth in section 6 :

"That licenses issued to peddle goods, wares, merchandise or any articles shall not authorize or permit such peddling on the boardwalk, the approaches thereto or upon any platform or building adjacent to said boardwalk, nor on the beach. All peddling upon same is hereby expressly prohibited."

On the bill and answering affidavits the Vice-Chancellor, under date of December 16th, 1947, entered an order enjoining the defendants from molesting the complainants in their peddling of merchandise but expressly providing that :

"This injunction shall not be construed to restrain or interfere with the right of defendants to proceed with the trial of complainants or any future proceedings under due process of law in accordance with the terms of Ordinance No. 422 of the City of Wildwood and the laws of this State."

The defendants appealed from this order on the sole ground that it is erroneous in that peddling on the beach front is prohibited by the terms of the ordinance. This ground of appeal misconceives the nature of the Vice-Chancellor's order which did not adjudicate the validity or invalidity of the ordinance but, on the contrary, left unimpaired the right of defendants to prosecute alleged violators in regular course. Indeed, the Vice-Chancellor's opinion expressly points out that the complainants' bill was not to restrain warrants, arrests, or other lawful proceedings under the ordinance, but applied only "to the extra-legal or illegal activities of the law-enforcing officers in forcing the complainants off of the beach front park and thus interfering with their business." See *Higgins* v. *Krogman* (*Court of Chancery, 1947*), *140 N. J. Eq. 518, 520*. In so far as his restraining order was confined to a restraint of the described extra-legal activities, it was clearly, under the undisputed facts and circumstances, a proper exercise of the Court of Chancery's jurisdiction to protect complainants' property from irreparable injury threatened by "arbitrary acts of officials acting without due process of law." See *S. & R. Amusement Corp.* v. *Quinn* (*Court of Chancery, 1944*), *136 N. J. Eq. 420, 424; Ruty* v. *Huelsenbeck* (*Court of Chancery, 1931*), *109 N. J. Eq. 273, 276. Cf. Iannella* v. *Piscataway Township* (*Court of Chancery, 1946*), *138 N. J. Eq. 598, 601.* And in so far as the issue of the validity of the ordinance was concerned his order in nowise interfered with its proper determination, on *certiorari,* either prior to prosecution (*Gurland* v. *Kearny* (*Supreme Court, 1942*), *128 N. J. Law 22*), or subsequent to conviction thereunder (*N. J. Good Humor, Inc.,* v. *Bradley Beach* (*Court of Errors and Appeals, 1940*), *124 N. J. Law 162*).

Following the entry of the order of December 16th, 1947, the defendants filed an answer which again admitted the interference but relied upon the ordinance in justification. By

consent the matter was determined, without hearing or testimony, on the bill and answer and on March 17th, 1948, the Vice-Chancellor entered a "final decree" which repeated the terms of the earlier order enjoining the defendants from molesting the complainants but expressly providing that the decree shall not interfere with the defendants' right to institute prosecutions and proceed therewith under the ordinance. We need not consider whether the court, in its decree, could properly have gone further. *Cf. Moresh v. O'Regan (Court of Errors and Appeals, 1937), 122 N. J. Eq. 388.* The fact is that the decree merely repeated the limited terms of the earlier order and, for the reasons already stated, they were both proper exercises of the Court of Chancery's jurisdiction and the appeals therefrom are without merit. *S. & R. Amusement Corp. v. Quinn, supra; Ruty v. Huelsenbeck, supra; Iannella v. Piscataway Township, supra.*

In the light of the foregoing we find it unnecessary to determine, on this appeal, whether the ordinance of Wildwood prohibiting all peddling of merchandise on its beach front was a reasonable exercise of its municipal powers (*Cf. N. J. Good Humor, Inc., v. Bradley Beach, supra*) and, if valid, whether under a proper construction of *R. S. 45:24–9 (Cf. Strauss v. Borough of Bradley Beach (Supreme Court, 1936), 117 N. J. Law 45;* affirmed (*Court of Errors and Appeals, 1937), 118 N. J. Law 561*) complainants are nevertheless, entirely exempt from its terms. Our action in not considering the validity or applicability of the ordinance is dictated not only by the recognized principle that, in general, issues should not be decided when unnecessary for disposition of the pending case (see *The Orange Society, &c., v. Konski (Court of Errors and Appeals, 1923), 95 N. J. Eq. 254*), but also by the fact that the pertinent considerations bearing on the validity of the ordinance and its application to complainants have not been fully presented in the record and briefs. *Cf. Seiler v. Adams Express Co. (Supreme Court, 1916), 99 Atl. Rep. 312,* not officially reported.

The order and decree of the Court of Chancery are affirmed.

For *affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 13.

For *concurrence on result*—HEHER, J. 1.

For *reversal*—None.