CITY OF NEWARK, A MUNICIPAL CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLEE, v. HARRY GERMANO, NICHOLAS LASSANDRO AND SAUL E. SULTON, DEFENDANTS-APPELLANTS.

Essex County Court
Law Division

Decided June 3, 1952.

*Mr. Sol J. Cohen* for the defendants-appellants.

*Mr. Charles Handler* (*Mr. George B. Astley* appearing) for the plaintiff-appellee.

Conlon, J. C. C.  The defendant Harry Germano appeals from four convictions of a city ordinance; the defendant Nicholas Lassandro from three convictions and the defendant Saul E. Sulton from one conviction thereof.  On the trial *de novo* before this court it was stipulated by all the parties that the resolution of the appeals by Germano shall be dispositive of all eight appeals, that the record of the trial of the defendant Germano in the Municipal Court of Newark on October 30, 1951, shall be applicable to all appeals and that the matter be submitted on the record below without further testimony.

Two questions are presented:  (a) whether the defendant violated the ordinance in question, and (b) whether the ordinance is valid.  The facts are not materially in dispute and may be found as follows:

The defendant had in his possession a case of merchandise—in this instance handkerchiefs.  He moved some

of the merchandise from the case and placed the case in front of a retail store on the north side of Market Street between Broad and Halsey Streets in Newark. The location is one of, if not the most congested shopping section of the city. He thereupon sat on the case with his back to the building and spread his merchandise on paper laid out on the sidewalk in front of him and proceeded to make sales. Photographs of the operation are in evidence and it is apparent that the defendant maintained a fixed position for a considerable length of time and that his operation absorbed several feet of the sidewalk from the building line towards the center thereof.

This brief recital of the facts clearly establishes a violation of Section 744 of the Revised Ordinance of the City of Newark, which provides as follows:

"It shall be unlawful for any person * * * to place or maintain * * * any show case or other construction or device for the display of merchandise; or any box, barrel, can, package or thing whatsoever on or over any sidewalk, roadway or public place, or to display * * * upon or over any sidewalk, roadway or public place any merchandise for sale or advertisement."

The defendant contends that he is immune from the provisions of the ordinance by reason of the fact that he is a veteran of World War II and as such possessed a license to "hawk, peddle and vend any goods, wares or merchandise, or solicit trade within the State" by virtue of *R. S.* 45:24-9.

In effect, defendant's position is that the ordinance is in conflict with the statute and that hence his statutory rights are unlawfully curtailed. He relies upon the principles laid down in the case of *Strauss v. Bradley Beach,* 117 *N. J. L.* 45 (*Sup. Ct.* 1936), affirmed 118 *N. J. L.* 561 (*E. & A.* 1937). That case is not applicable since the Borough of Bradley Beach improperly attempted to defeat the statute by an ordinance restricting all peddling within the borough. Obviously such an ordinance was in contravention of the statute and was found to be invalid. The situation is con-

trolled by the rulings laid down in *Pevey v. Greenberg,* 101 *N. J. L.* 435 (*Sup. Ct.* 1925). In that case it was held that the statute in question providing for a license to hawk, peddle and vend goods gave no rights to such licensee to sell wares at fixed stands contrary to valid municipal ordinances.

Under the statute a municipality may not curtail the right of a duly licensed veteran to peddle, hawk or vend merchandise on the city streets, but it may by appropriate ordinance in the exercise of its police power control the setting up of stands or similar construction on city sidewalks which unduly restrict the use of streets and sidewalks by the general public. I find, therefore, that the ordinance under which the defendants were convicted is valid and that their acts constituted a violation thereof. The defendants are veterans. Since their persistent violations appear to have been based upon a sincere but mistaken belief in the scope of their rights, they are all found guilty but all sentences by way of fine are suspended.