44 N.J. Super. 530 (1957)
130 A.2d 907
HAROLD SHAPIRO, PLAINTIFF,
v.
CITY OF NEWARK AND SAMUEL LOHMAN, LICENSE COMMISSIONER, LICENSE DIVISION OF THE DEPARTMENT OF REVENUE OF THE CITY OF NEWARK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 11, 1957.
*532 Mr. Charles Handler argued the case for the plaintiffs.
Mr. James E. Abrams argued the case for the defendants (Mr. Vincent P. Torppey, attorney).
WAUGH, J.S.C.
The City of Newark, under authority of R.S. 45:24-3, fixed a license fee for transient and itinerant merchants at $1,000 for 180 days. The plaintiff Harold Shapiro, under written lease, rented premises located at 160 Market Street, Newark, New Jersey, from the Trustees of the First Presbyterian Church in Newark for a term of three months from October 1, 1956 to December 31, 1956. In the premises leased the plaintiff engaged in the business of selling children's toys. Newark's licensing authorities contended that plaintiff was subject to the ordinance. He, therefore, paid the license fee under protest, and now brings this action in lieu of prerogative writ seeking its recovery.
Plaintiff urges first that the city must establish his intent to be "a transient merchant," and contends the city has failed to do this; and accordingly, urges for this reason alone, he is entitled to a refund of the license fee paid by him. In support of his contention he urges that the facts here are as consistent with his intent to remain for a year as they are consistent with his intent to remain only for the term of the lease. His testimony is that he had a verbal agreement with the landlord's agent to continue as a tenant if business warranted it; and that he was making a "test" as to the location leased in order to determine its suitability for his particular business.
This argument does not persuade me. Intent is better spelled out by what actually is done than by a state of mind to do something. Plaintiff leased a store for $5,500 for three months without reserving any right to extend *533 his lease, a valuable right, in the event business prospered. He chose the Christmas season  the best possible toy season. He moved in October 2, 1956 and moved out two or three days after Christmas. He did not produce the witness, Mr. Schwebmeyer, with whom he made the alleged oral arrangement to continue as tenant. Mr. Wesley E. Howell, president of the landlord's board of trustees, testified he knew nothing of this alleged oral arrangement. I find that the city properly classed him as a transient merchant within the intendment of its ordinance.
Plaintiff next contends that N.J.S.A. 45:24-9 exempts him from the necessity of securing the license in any event. N.J.S.A. 45:24-9 through 13 deals with the right of certain honorably discharged military veterans and others to "hawk, peddle and vend." His argument is that having obtained a veteran's license from the Essex County Clerk, he is entitled to rely upon this license as authority to engage in the business of selling toys at 160 Market Street, and that no other license is necessary. In other words, plaintiff contends that the license to "hawk, peddle and vend" includes the right to be a transient merchant within the meaning of R.S. 45:24-3.
I find that the veteran's license held by plaintiff is restricted solely to the activities of hawking, peddling and vending and does not include the right to carry on business as a transient merchant. Sections 1 through 7 of R.S. 45:24 deal with transient merchants and itinerant vendors. These two classes are defined as follows in R.S. 45:24-1:
"* * * `transient merchants' or `itinerant vendors,' as used in this article, mean persons, corporations or partnerships, whether principal or agent, who engage in a merchandising business in New Jersey with intent to close out or discontinue such business within one year from the date of commencement, including those who for the purpose of carrying on such business, hire, lease or occupy any building, structure or railroad car for the exhibition and sale of such goods, wares and merchandise, but nothing in this article shall be construed to affect the sale of fruits, vegetables and farm products, such as meat, poultry, butter and eggs."
*534 The statute does not define hawking or peddling. Webster's New Collegiate Dictionary defines these two terms as follows:
Hawking  Offering for sale by outcry in the street.
Peddling  Traveling about with wares for sale.
Applying the doctrine of ejusdem generis, I find that "vending" as used in this statute is restricted to the type of selling done in the manner such as hawking and peddling, i.e., sale by one who walks or drives about, and does not include the type of selling which one does from a fixed or permanent location as plaintiff did in the case at bar.
I therefore conclude that the possession of a veteran's license under N.J.S.A. 45:24-9 does not exempt plaintiff from the necessity to obtain a license under this ordinance.
Plaintiff next urges that the license fee is confiscatory and is not based upon a reasonable standard. R.S. 45:24-3 establishes the authority to fix license fees for transient merchants or itinerant vendors as a sum not more than $1,000 for a period of 180 days. In the absence of a showing by plaintiffs that this license fee charged to them in this case is unreasonable in that it is not based upon a proper standard, the fee will be upheld.
License fees assessed by municipalities are presumed to be proper and presumed to be based upon reasonable standards unless there is some showing to the contrary. "It is, of course, true that a license fee must be reasonable. In the absence of proof, however, the presumption is in favor of its validity and reasonableness. The burden is upon the challenger to overcome that presumption." Steiker v. Borough of East Paterson, 137 N.J.L. 653, 657 (E. & A. 1948). There has been no such showing in this case, and therefore the necessity follows that the fee will be upheld.
This position is fortified by the fact that the Legislature has in precise terms expressly authorized municipalities to assess exactly the fee which was charged in this case.
Lastly, plaintiff urges that R.S. 45:24-1 through 7 do not empower a municipality to adopt an ordinance regulating the merchant, nor do they authorize the issuance of *535 a license. He suggests that all powers to adopt a licensing ordinance are to be found under Title 40 of the Revised Statutes, specifically under N.J.S.A. 40:52-1.
The city urges that R.S. 45:24-3 authorizes the enactment of the ordinance here under review. The statute provides:
"All transient merchants or itinerant vendors shall, before offering for sale any personal property, pay to the licensing official of the municipality in which such sale is to take place, a sum of not more than one thousand dollars, and upon payment of such sum as may be specified in the ordinances of the municipality in which the transient merchant or itinerant vendor is to do business, he shall be entitled to apply for and receive a license which shall continue in favor of the person to whom it is issued for the period of one hundred and eighty days from the day of issuance."
True, the Legislature did not in exact and precise phraseology authorize the municipalities to enact ordinances following this statute, but certainly the Legislature could have intended no other result when they use the words "pay to the licensing official of the municipality * * * a sum of not more than one thousand dollars, and upon payment of such sum as may be specified in the ordinances of the municipality in which the transient merchant or itinerant vendor is to do business, he shall be entitled to * * * a license * * *."
It is apparent to me that the Legislature contemplated the empowering, and in fact did empower the municipality by use of the language which is set forth in this statute, to enact ordinances to carry out the aims of this act.
To construe this statute as plaintiff urges would place such a strained effect upon the words of the Legislature that the result would defy good common sense. I cannot reach such an illogical result.
For these reasons I conclude that the defendants properly required plaintiff to register as a transient merchant or itinerant vendor under the ordinance now in force in the City of Newark. I also conclude that the license fee of $1,000 was properly charged to plaintiff. Therefore, he is *536 not entitled to a refund of the $1,000 fee paid under protest. Judgment will be against the plaintiff and in favor of the defendants in this action. An order may be presented accordingly.