52 N.J. Super. 223 (1958)
145 A.2d 161
BOROUGH OF HARRINGTON PARK, PLAINTIFF-RESPONDENT,
v.
BERNARD HOGENBIRK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided October 9, 1958.
*224 Mr. John H. Shields, Jr., attorney for plaintiff-respondent.
Messrs. Lanza & Di Gisi, attorneys for defendant-appellant (Mr. Charles R. Di Gisi, of counsel).
JOSEPH W. MARINI, J.C.C. (temporarily assigned).
This is an appeal from a conviction of defendant in the Municipal Court of Harrington Park, on an admitted violation of section 22 of an ordinance entitled "An Ordinance to Regulate Traffic and Establish Through Streets in the Borough of Harrington Park, County of Bergen, State of New Jersey," designated as Ordinance No. 160.
The facts are not in dispute. The defendant is the possessor of a veteran's license duly issued by the County Clerk of Bergen County, permitting defendant to hawk, peddle and vend, pursuant to the provisions of N.J.S.A. 45:24-9.
Section 22 of the ordinance in question reads as follows:
"No person shall park a vehicle upon a public roadway or street for the purpose of or during the process of soliciting sales or business, displaying goods for sale or selling, or offering to sell, for delivery of goods or merchandise to buyers, consumers or other persons who are occupants of vehicles, standing or moving on the public streets or highways."
It is admitted that the defendant parked a motor vehicle on one of the borough streets for the purpose of soliciting, *225 sales, displaying goods for sale and selling or offering to sell goods or merchandise to buyers or consumers or other persons who were occupants of other vehicles standing or moving on the public streets of Harrington Park.
Defendant contends that under his veteran's license he is entitled to conduct the business complained of and that section 22 of the above ordinance is tantamount to a prohibition of his hawking, peddling and vending privileges and not a regulation thereof and therefore invalid.
The leading cases of Strauss v. Borough of Bradley Beach, 117 N.J.L. 45 (Sup. Ct. 1936), and N.J. Good Humor, Inc. v. Board of Com'rs of Bradley Beach, 124 N.J.L. 162 (E. & A. 1940), are cited by the defendant in favor of his contentions. These cases involved ordinances prohibiting peddling.
The borough contends that by virtue of the 1952 amendment to N.J.S.A. 45:24-9, that section 22 of its ordinance is a valid exercise of the regulatory power conferred by said statute and that the Bradley Beach cases do not apply.
The pertinent part of the 1952 and 1955 amendments is as follows: "Hawking, peddling and vending hereafter may be regulated by municipal ordinance on public streets and highways."
According to this amendment, the license rights of veterans are subject to any reasonable regulation enacted thereunder. It is quite apparent that section 22 of the ordinance in question does not prohibit "hawking, vending and peddling." It merely provides that no one can park his vehicle on a public street and use it as a business stand to sell goods or merchandise to the occupants of other vehicles moving or standing on the highway. In these days of congested traffic, the court is convinced that this is a reasonable regulation and is not a subterfuge to prohibit veterans from hawking, etc., pursuant to the terms of the statute and the licenses issued thereunder.
No case has been called to the attention of the court construing the 1952 or 1955 amendments except the case of Germano v. Keenan, 25 N.J. Super. 37 (Ch. Div. 1953). *226 In that case the court held that the attempt on the part of the City of Newark to prohibit all peddling in the main business area of the city was invalid because it sought to prohibit, rather than regulate according to the 1952 Amendment.
In this case, however, there is no general prohibition. There is nothing in the ordinance to prohibit a licensee from peddling from door to door in any part of the community.
One point suggested by this case is whether or not the acts of the defendant constitute hawking, peddling or vending. Justice Parker, in the case of Pevey v. Greenberg, 101 N.J.L. 435 (Sup. Ct. 1925), held in that case that the hawking, peddling and vending license did not confer the right to conduct a fixed place of business as against the license power conferred on the municipality.
The reasoning in that case was followed by Judge Conlon in the case of Newark v. Germano, 20 N.J. Super. 143 (Cty. Ct. 1952), wherein he held that the holders of veterans' licenses could not do business in the City of Newark by placing merchandise at a fixed position on the sidewalk and offer goods for sale.
It is, therefore, concluded that section 22 of the above ordinance is valid and the conviction of the defendant thereunder is valid. The defendant is found guilty.
However, considering the novelty of the ordinance and that apparently the defendant sought to test the validity of the ordinance rather than to flagrantly violate the ordinance, the court feels that the sentence should be suspended and the fine of $50 and $5 costs imposed in the municipal court shall therefore be refunded.