111 N.J. Super. 502 (1970)
268 A.2d 760
VINCENT P. KEUPER, MONMOUTH COUNTY PROSECUTOR, PLAINTIFF,
v.
EDWARD N. WILSON AND ALBERT LARGE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided August 5, 1970.
*504 Mr. Elliot L. Katz, Assistant County Prosecutor, for plaintiff.
Mr. Stanley Yacker and Mr. Robert E. La Mura, for defendants (Mr. Robert E. La Mura, Attorney).
LANE, J.S.C.
The matter is before the court on defendants' motion to settle the form of the judgment and for an order enjoining plaintiff, Prosecutor of Monmouth County, from proceeding against defendants on any indictment for a violation of N.J.S.A. 2A:115-2 and for an order directing plaintiff to deliver to defendants the motion picture "Man and Wife" previously seized by plaintiff as evidence of an alleged crime.
This action was brought under N.J.S.A. 2A:115-3.5 to enjoin the showing of the motion picture "Man and Wife" and for an order compelling defendants to surrender to plaintiff any copy of the film in the possession of defendants for destruction in accordance with N.J.S.A. 2A:115-3.7. Defendants filed a counterclaim for a declaration that the *505 motion picture was not obscene. After the final hearing the court filed an opinion [111 N.J. Super. 489], holding that plaintiff had failed to sustain the burden of proving the film obscene whereas defendants had sustained their burden of proving the film was not obscene. The opinion concluded, "There will be a judgment declaring that `Man and Wife' is not obscene."
The statement of events leading to the filing of the complaint is set forth in some detail in the earlier opinion. Defendant Wilson is the owner and operator of a theatre in Keyport. Defendant Large is employed by Wilson as a motion picture projectionist. On June 12, 1970 a warrant for the arrest of Wilson was obtained charging a violation of N.J.S.A. 2A:115-2 based upon Wilson's exposing to view an "indecent motion film entitled `Man and Wife'." At the time of the arrest the copy of the motion picture being shown was seized. On June 23, 1970 the Monmouth County Grand Jury handed up an indictment charging the defendants with a violation of N.J.S.A. 2A:115-2. The complaint in this action was filed June 24, 1970.
The prosecutor has threatened to move the indictment. The question is whether this Court should restrain the prosecutor from proceeding on the indictment and order the prosecutor to return the seized motion picture to the defendants.
Ordinarily equity will not enjoin criminal proceedings. Eleuteri v. Richman, 47 N.J. Super. 1, 26 (App. Div. 1957), aff'd 26 N.J. 506 (1958), cert. den. 358 U.S. 843, 79 S.Ct. 52, 3 L.Ed.2d 77 (1958); Moresh v. O'Regan, 122 N.J. Eq. 388 (E. & A. 1937); Dell Publishing Co. v. Beggans, 110 N.J. Eq. 72 (Ch. 1932); 4 Pomeroy's Equity Jurisprudence (5th ed. 1941), § 1361b, p. 978. An exception to the rule is made where property rights are involved and there is a serious claim that the prosecution is not authorized by law. S. & R. Amusement Corp. v. Quinn, 136 N.J. Eq. 420, 423 (Ch. 1944). Arbitrary acts of officials acting without due process of law will be enjoined. *506 Higgins v. Krogman, 140 N.J. Eq. 518, 520-521 (Ch. 1947), aff'd 142 N.J. Eq. 691, 693 (E. & A. 1948). A prosecutor will be enjoined from violating a person's property rights acting under color of authority. Bantam Books, Inc. v. Melko, 25 N.J. Super. 292, 298 (Ch. Div. 1953), modified 14 N.J. 524 (1954).
The application now made in this matter does not fall strictly within any of the exceptions referred to.
N.J.S.A. 2A:115-3.5 was adopted as a supplement to Title 2A by L. 1962, c. 166. Section 8 stated that its provisions "are supplemental to other remedies set forth in Title 2A of the New Jersey Statutes." N.J.S.A. 2A:115-3.10. The Act provides an expeditious civil remedy for the determination of whether "any book, magazine, pamphlet, comic book, story paper, writing, paper, picture drawing, photograph, figure, image or any written or printed matter" being sold or about to be sold is obscene. On a finding of obscenity the sale or distribution of the matter will be enjoined and the matter will be destroyed. N.J.S.A. 2A:115-3.7. Plaintiff has the burden of proving obscenity by a preponderance of the evidence as opposed to the burden of beyond a reasonable doubt in the case of an indictment under N.J.S.A. 2A:115-2.
N.J.S.A. 2A:115-3.5 does not refer to the right of a defendant to file a counterclaim. Since the action is a civil action, a defendant has such right. R. 4:7-1.
The counterclaim was based upon the Uniform Declaratory Judgments Law, N.J.S.A. 2A:16-50 et seq. In fact defendants here could have filed a complaint under that Law before exhibiting the film. The Uniform Declaratory Judgments Law has been increasingly used in this State to obtain a determination of the legality of a particular course of action rather than pursuing the course of action and risking criminal prosecution. E.g., Sanitary Vendors, Inc. v. Byrne, 40 N.J. 157 (1963); Lucky Calendar Co. v. Cohen, 19 N.J. 399 (1955), 20 N.J. 451 (1956); Thrillo, Inc. v. Scott, 15 N.J. Super. 124 (Cty. Ct. 1951).
*507 It appears from State v. Baird, 50 N.J. 376 (1967) that where there has been a determination under the Uniform Declaratory Judgments Law that a particular course of action would not be a violation of the criminal laws, such determination will be binding upon the prosecutor who was a party to the declaratory judgment action. The court stated:
Preliminarily, we wish to voice our distaste for the unseemly procedural course chosen by the defendant Baird. He could easily have brought a proceeding under the Uniform Declaratory Judgments Act (N.J.S. 2A:16-50 et seq.) under which an appropriate declaration could have been obtained without any criminal action whatever. See Lucky Calendar Co. v. Cohen, 19 N.J. 399 (1955); Sanitary Vendors, Inc. v. Byrne, 40 N.J. 157 (1963); cf. Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958); Note, Declaratory Relief in The Criminal Law, 80 Harv. L. Rev. 1490 (1967). In the Lucky Calendar case an advertising company sought and obtained a declaration as to the legality of its proposed sales promotional program; in his opinion for the Court, Chief Justice Vanderbilt stressed the patent advantages of declaratory testing proceedings over proceedings under the criminal law. 19 N.J., at p. 409. In the Sanitary Vendors case, a company engaged in the automatic vending machine business brought a declaratory judgment proceeding which resulted in a judicial declaration that its proposed mode of selling contraceptives would be unlawful under N.J.S. 2A:170-76. See Annot. 96 A.L.R.2d 955, 965-967 (1964). [50 N.J. at 378 et seq.]
This result is called for particularly in cases involving First Amendment rights. The Supreme Court of the United States has emphasized the importance of freedom of speech. In Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22, 28 (1965), the Court stated:
* * * Because of the sensitive nature of constitutionally protected expression, we have not required that all of those subject to overbroad regulations risk prosecution to test their rights. For free expression  of transcendent value to all society, and not merely to those exercising their rights  might be the loser." (Emphasis added)
There are numerous cases in which the federal courts have acted to protect a litigant's civil rights from state criminal proceedings, e.g., Zwickler v. Koota, 389 U.S. 241, 252, 88 S.Ct. 391, 397-398, 19 L.Ed.2d 444, 452 (1967), where the Court stated:
*508 * * * In such case to force the plaintiff who has commenced a federal action to suffer the delay of state court proceedings might itself effect the impermissible chilling of the very constitutional right he seeks to protect.
In this action the defendants are claiming rights guaranteed to them by the First Amendment to the United States Constitution. It is the obligation of this court to protect such rights. In Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 551, 28 L.Ed. 542, 546 (1883), the Court stated:
* * * Upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them; for, the judges of the state courts are required to take an oath to support that constitution, and they are bound by it and the laws of the United States made in pursuance thereof, * * *.
The obligation of the prosecutor is not to obtain convictions, rather it is to see that justice is done. State v. Vigliano, 50 N.J. 51, 60-61 (1967); State v. Cook, 43 N.J. 560, 570 (1965). This court which has jurisdiction of the case has made a finding after a full hearing that the motion picture is not obscene. It would be a travesty of justice to allow the prosecutor to proceed to move an indictment charging the defendants with a violation of N.J.S.A. 2A:115-2 based upon the same facts that were before this court. At a trial of the indictment it would be a matter for the court to dismiss the indictment if the Court was satisfied that the material was not obscene. State v. Hudson County News Co., 41 N.J. 247, 256-257 (1963). Although strictly speaking the holding by this court may not be binding on the court hearing the indictment, a contrary holding by that court would subject our judicial system to deserved criticism. This is particularly so in view of the fact that the burden on the prosecutor in this action was far less than his burden would be in a trial on the indictment.
*509 Where there has been a determination that certain matter is not obscene in a proceeding under N.J.S.A. 2A:115-3.5 or in a declaratory judgment action under N.J.S.A. 2A:16-50 et seq., the court will restrain the prosecutor from moving an indictment for a violation of N.J.S.A. 2A:115-2 based upon the same facts. The prosecutor has a right to appeal from such judgment, and until the judgment has been reversed he may not proceed under an indictment charging a violation of N.J.S.A. 2A:115-2. See Zeitlin v. Arnebergh, 59 Cal.2d 901, 31 Cal. Rptr. 800, 383 P.2d 152 (Sup. Ct. Cal. 1963), cert. den. 375 U.S. 957, 84 S.Ct. 445, 11 L.Ed.2d 315. Annot., "Declaratory Relief  Criminal Statutes" 10 A.L.R.3d 727 (1966).
The request to enjoin the prosecutor and for a return of the seized film was not contained in the counterclaim. It is authorized at this time by N.J.S.A. 2A:16-60. Notice has been given to the prosecutor, and he has failed to show cause why such further relief as requested should not be granted now.
The Judgment will restrain the prosecutor from proceeding against defendants under any indictment for a violation of N.J.S.A. 2A:115-2 based upon the showing of "Man and Wife" until the holding of this Court that the film is not obscene is reversed. If no appeal is taken from the judgment, the prosecutor is ordered to move under R. 3:25-1 within 80 days for a dismissal of the pending indictment. He will return the confiscated film to the defendants at the same time. It goes without saying that he will not seek any further indictments against defendants for the showing of the film.
The attorney for defendants will submit a judgment within 10 days in accordance with R. 4:42-1.