131 N.J. Super. 280 (1974)
329 A.2d 575
TOWNSHIP OF NORTH BERGEN, PLAINTIFF-APPELLANT,
v.
JOSEPH LORD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 19, 1974.
Decided December 5, 1974.
*281 Before Judges CARTON, CRANE and KOLE.
Messrs. Rose, Poley, Bromley & Landers, attorneys for appellant (Mr. Charles M. DeFuccio on the brief).
Mr. Samuel Jacobs, attorney for respondent, filed a statement in lieu of brief.
PER CURIAM.
Defendant, a pushcart vendor of hot dogs, was convicted in the Municipal Court of the Township of North Bergen of violating the provisions of a local health ordinance prohibiting the selling of foodstuffs without a permit. *282 In accordance with the terms of the ordinance a penalty of $25 was assessed but suspended. Defendant appealed to the Hudson County Court where, after a trial de novo on stipulated facts, he was found not guilty.
The County Court judge based his ruling upon a belief that it was not necessary for defendant to have a permit from the municipality in view of the fact that a veteran's license to hawk, peddle and vend had been issued to him pursuant to N.J.S.A. 45:24-9. The judge found that defendant's activity "was a mobile type operation that comes within the definition of hawking, peddling and vending thereby making the license the defendant obtained from the County Clerk a sufficient authorization for him to do what he did."
We are of the opinion that the County Court was in error. The ordinance in question was adopted as an exercise of law-making power delegated by the Legislature by virtue of N.J.S.A. 26:3-64. Weehawken Tp. Bd. of Health v. N.Y. Central R. Co., 4 N.J. 293, 300 (1950). As such it is entitled to be accorded the same dignity and stature as an enactment of the Legislature so long as it is not inconsistent with another enactment of the Legislature. In interpreting legislative enactments it is the duty of the court to construe them together as a unitary and harmonious whole insofar as that may be possible in order that each may be fully effective. Clifton v. Passaic Cty. Bd. of Taxation, 28 N.J. 411, 421 (1958).
We perceive no logical reason why a health regulation ordinance which by its terms is applicable to all sellers of foodstuffs within the municipality should not be applied to itinerant vendors. The veteran's licensing statute, N.J.S.A. 45:24-9, in its present form, evidences no intention on the part of the Legislature to preempt the entire field of regulating hawkers, peddlers or vendors; in fact, the statute now specifically permits the regulation by municipal ordinance of hawking, peddling and vending on the public streets and highways. Harrington Park v. Hogenbirk, 52 N.J. Super. *283 223 (Cty. Ct. 1958). cf. Tagmire v. Atlantic City, 35 N.J. Super. 11 (App. Div. 1955).
It is also apparent that the court erred in its finding of fact that the defendant was engaged in "a mobile type operation." No testimony was heard by the County Court and no transcript of testimony of the municipal court proceeding was before the County Court. The matter was heard on a stipulation of facts which included the admission that defendant did "on the days and times charged sell `Hot Dogs' at a fixed location, in the vicinity of 87th Street and Bergenline Ave., North Bergen, N.J." A veteran's license to hawk, peddle and vend does not authorize the sale of merchandise from a fixed location. Shapiro v. Newark, 44 N.J. Super. 530 (Law Div. 1957); Newark v. Germano, 20 N.J. Super. 143 (Cty. Ct. 1952).
The judgment of the Hudson County Court is reversed and that of the North Bergen Municipal Court is reinstated.